NO.
12-04-00367-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

CATHY
BURGESS,  §                      APPEAL FROM THE 321ST

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

MOHAMMAD FEGHHI,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Cathy
Burgess appeals from an order for modification of child support. Burgess
presents thirty-seven issues for our consideration.  We affirm.

 

Background

            Burgess and Mohammad Feghhi are the
parents of S.A.B., born August 2, 1988. 
On July 30, 1991, a Bexar County trial court modified the existing child
support order and ordered that Feghhi pay Burgess child support of $175.00 a
month.  On June 23, 2003, the Attorney
General filed a motion to modify child support, which included a request that
Feghhi produce certain financial and health insurance information.  The Attorney General also filed a motion to
transfer the suit to Smith County, S.A.B.’s residence.  The trial court granted the motion and
transferred the suit to Smith County. 








            On May 13, 2004, an assistant
attorney general and Feghhi’s counsel attended a  hearing on the motion to modify.  The Assistant Attorney General stated that he
had not received the financial information he had requested from Feghhi and had
not informed Burgess of the hearing.  As
a result, the Assistant Attorney General and Feghhi’s counsel agreed, in open
court, to reset the hearing for May 27, 2004. 
Fegghi agreed to produce the documents requested by the Assistant
Attorney General. On May 27, 2004, the trial court conducted a brief hearing on
a motion for enforcement against Burgess. 
The motion to modify was not addressed.

            On June 4, 2004, Burgess filed an “open
records” request that Feghhi produce documents on “any and all open records as
described by Texas law.”  On the same date,
she filed a request for Feghhi to produce documents and things.  

            On June 28, 2004, the trial court
held a hearing on the Attorney General’s motion to modify, at which all parties
were present.  The Assistant Attorney
General stated that he and Feghhi had agreed to modify Feghhi’s child support
obligation to $575.00 a month beginning June 1, 2004.  However, he stated that Burgess was not a
party to the agreement and that she believed Feghhi should pay more child
support. At that point, the trial court observed that S.A.B. was in the
courtroom and ordered that she leave. 

            Burgess stated that Feghhi made more
money than he had disclosed, but she was not sure how much he should pay in
child support.  She also told the trial
court that Feghhi had not produced documentation that she had requested.  Feghhi responded that the request for
production was sent less than thirty days before the hearing, that his
responses were not due until July 4, that the requests were not clear or
specific, and that all the requests were objectionable.  After examining Burgess’s request for
production, the trial court stated that some of the requests were proper, as
modified by the court, but that Burgess could not require production of
documents regarding businesses or properties that were owned by third parties,
specifically Feghhi’s sister and brother. 

            Feghhi stated that he had agreed to
pay $575.00 a month in child support and produced his 2002 and 2003 income tax
returns.  Fegghi’s attorney informed the
trial court that Feghhi had two other children to support.  The Assistant Attorney General stated that he
considered depreciation in his calculations for the negotiated settlement for
child support along with Feghhi’s tax returns and information relating to his
properties and payments.  Feghhi’s
attorney believed he had shown Burgess records regarding real estate or houses
that Feghhi had purchased.  He explained,
without objection, that Fegghi was a resident of the United States, but had
been born in Iran.  According to Feghhi’s
attorney, Feghhi’s sister transferred monies from Iran through a third country
to an account in Feghhi’s name to purchase a house.  Feghhi produced records from his sister’s
bank showing the transfer of monies and copies of wire transfers showing that
the house Feghhi occupied was owned by his sister.  According to Fegghi’s attorney, records may
indicate that Feghhi owned certain monies or properties that were, in fact,
owned by members of his family.  In
response, Burgess stated that Feghhi owned the property even though he claimed
it was his sister’s.  She pointed out
that Feghhi was in a cash business.  She
also stated that Feghhi’s income tax returns never changed and that since 1990,
he had claimed only $45,000 in earnings each year.  However, Burgess produced no evidence to
support her argument.  Although Burgess
complained about the amount of child support in the past, both Feghhi and the
Assistant Attorney General denied that retroactive child support was an
issue.  The trial court requested that
Feghhi produce documentation indicating the cost of goods sold in his business
and concluded the hearing. 

            On June 28, Feghhi filed his answers
to Burgess’s request for production, objecting to a number of the requests and
asking for a hearing on his objections.  

            On September 8, the trial court
conducted the final hearing on the Attorney General’s motion to modify.  On that same date, before the hearing,
Burgess filed numerous pleadings, including a pleading entitled “Concerning
Motion to Quash” in response to Feghhi’s motion to quash and a request for
production of documents and things.  She
also filed a pleading containing a motion to compel “all discovery,” to exclude
and dismiss Feghhi’s motion to quash and assess sanctions, to penalize Feghhi
for not producing discovery, to take judicial notice of documents, and to order
the rest of discovery.  The pleading
included a request that Feghhi reimburse her for obtaining discovery.  Burgess also filed a motion to amend “the
proceedings” to include claims of fraud, misrepresentation, personal injury,
harassment, deceit, and retaliation against Feghhi.

            Feghhi and his attorney appeared at
the hearing by telephone without objection. 
Feghhi’s attorney told the court that he had produced documents to
support Feghhi’s income tax returns.  The
trial court stated that Feghhi also produced a profit and loss statement.  The Assistant Attorney General responded that
this documentation, which he had examined, did not change their agreement on
child support.  However, Burgess believed
otherwise.  She stated that the
information provided by Feghhi was not complete because he provided
documentation regarding only one of his businesses, not all of them.  Feghhi’s attorney stated that Feghhi’s
businesses were identified by different names because they were located on
different properties.  Burgess stated
that she believed Feghhi earned approximately $1 million per year.

            Regarding discovery, Burgess stated
that she received some of the documents she requested. Nonetheless, she claimed
that Feghhi “frauded” her by not answering discovery.  Feghhi’s attorney told the court about the
additional discovery requests Burgess had filed before the hearing.  The trial court told Burgess that she could
not obtain discovery after the case closed. 
In response, Burgess stated that she had filed proper pleadings that
day, but never elaborated on the content of those pleadings.  She 
protested that she had not had an opportunity to present her case.  She stated that “he,” indicating Feghhi or
his attorney, kept “butting in,” that he “started” the case, and that the rules
of court were different from what she had supposed.

            Burgess also complained about a lack
of documentation regarding Feghhi’s sister’s financial activities relating to
Feghhi and the transfer of monies. 
Burgess objected to Feghhi’s argument that certain properties were his
sister’s because his sister was not present at the hearing.  She stated that Feghhi’s profit and loss
statement reflected that he earned approximately $488,000 annually.  Burgess also stated that Feghhi did not
return S.A.B.’s medical bills as ordered and, thus, he was in contempt of
court.  She believed he owed her
approximately $6,000 a month in child support. 
The trial court stated that this amount was over the child support
guidelines.  Burgess continued arguing,
repeating her previous arguments at times.

            During the hearing, Burgess
attempted to file certain documents, but the trial court refused to accept
them  stating that they were improper for
filing.  The trial court acknowledged
that Burgess had filed a new lawsuit or petition that day, but stated that it
could not take up the petition at the hearing. 
However, the trial court agreed to take a box of documents that Burgess
had referred to during the hearing and examine them before ruling.  Feghhi agreed to return the originals of
S.A.B.’s medical bills. 

            On November 9, 2004, the trial court
found that Feghhi’s gross income was $5,000 a month and ordered that Feghhi
provide health insurance.  A day later,
the trial court ordered that child support be made retroactive to the date
Feghhi was served with the motion to modify. 
On November 15, the trial court signed an order finding that Feghhi’s
monthly net resources were $3,569.33, ordering that Feghhi pay Burgess current
child support of $571.09 each month beginning November 1, 2003, and ordering
Feghhi to obtain health insurance for S.A.B. 
Burgess appealed pro se.  Feghhi
did not file a brief.[1]

 

Discovery (Issues 1-9)

            Burgess contends that the trial
court abused its discretion by denying or limiting discovery concerning Feghhi’s
ability to pay child support and by not compelling discovery about Feghhi’s
family’s assets to show fraudulent transfers. Burgess also argues that the
trial court’s abuse of discretion in denying or limiting discovery was material
to her case, and denied her “a fair trial, a fair evidentiary stage, and an
opportunity to prosecute her case and discover Feghhi’s fraud.” This, she
contends, caused an incorrect, and lower, determination of child support.  Further, she argues that the trial court
abused its discretion by refusing to permit additional discovery at or after
the final hearing and by failing to require compliance with sections 154.063
and 154.185 of the Texas Family Code. 
She also contends that Feghhi had a duty to produce the discovery she
requested immediately after the discovery was sent because her request was
pursuant to the Texas Family Code, and not the general discovery rules.  Burgess argues further that Feghhi waived his
objections to her discovery because they were not timely made, and that he
failed to produce discovery.  Finally,
she argues that the trial court abused its discretion by not sanctioning Feghhi’s
attorney for failing to produce discovery.

Denying
and/or Limiting Discovery of Ability to Pay Child Support

            We review a trial court’s ruling on
discovery requests for an abuse of discretion.  Wheeler v. Methodist Hosp., 95 S.W.3d
628, 643 (Tex. App.–Houston [1st Dist.] 2002, no pet.).  The test for abuse of discretion is not
whether, in the opinion of the reviewing court, the facts present an
appropriate case for the trial court's action. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241
(Tex. 1985).  Rather, it is a question of
whether the court acted without reference to any guiding rules and  principles. 
Id. at 241-42.  In
other words, we must determine whether the act was  arbitrary or unreasonable.  Id. at 242.  The mere fact that a trial judge may decide a
matter within her discretionary authority in a different manner than an
appellate judge in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Id.  

            A trial court’s discovery decision
is an abuse of discretion when

 

1.             the appellate court would not be able to cure the trial
court’s discovery error, such as when privileged information or trade secrets
would be revealed or a disproportionate burden would be imposed on the
producing party to furnish patently irrelevant or duplicative documents;

 

2.             the party’s ability to present a viable claim or defense
is compromised or vitiated by the erroneous discovery ruling to the extent that
it is effectively denied the ability to develop the merits of its case; or

 

3.             the trial court’s discovery order disallows discovery
which cannot be made a part of the appellate record, thereby denying the
reviewing court the ability to evaluate the effect of the trial court’s error.

 

 

Wheeler,
95 S.W.3d at 644.  

            At the June 28 hearing, Feghhi
produced his 2002 and 2003 income tax returns and  copies of wire transfers showing that the
house he occupied was owned by his sister. 
He also stated that he had shown Burgess records regarding real estate
or houses he had purchased.  Further,
after examining Burgess’s June 4 request for production, the trial court stated
that some of the requests were proper, as modified by the court, but that
Burgess could not require production of documents regarding businesses or
properties that were owned by third parties, specifically Feghhi’s sister and
brother. At the September 8 hearing, Feghhi stated that he had produced the
documents ordered by the trial court, including documentation to support his
income tax returns and a profit and loss statement.[2]  








            From the clerk’s record and Burgess’s
own argument, it appears that she received some of the documents the trial
court ordered Feghhi to produce that were identified in the June 4 request for
production.  Feghhi also produced other
documents as ordered by the trial court. 
Burgess wanted Feghhi to produce all of his profit and loss statements
from all of his businesses and to produce documents that reflected Feghhi was
receiving money from “outside.” 
According to Feghhi’s attorney, his profit and loss statement reflected
that his businesses were classified under one name even though they were on
different city lots under different names. 
The trial court accepted this explanation and did not require Feghhi to
produce any other documents.  

            Feghhi produced the documents the
trial court ordered regarding his income, financial status, and
properties.  The trial court considered
the arguments of the parties, reviewed the documents Feghhi produced, and
concluded that it had sufficient information before it to rule on the Attorney
General’s motion to modify.  Based upon
our review of the record, we cannot conclude that the trial court abused its
discretion by denying Burgess the opportunity to conduct additional discovery
relating to Feghhi’s ability to pay child support.  See id. 

            Additionally, Burgess complains that
the trial court abused its discretion by failing to compel discovery about
Feghhi’s family’s assets to show fraudulent transfers. The trial court ruled
that Feghhi was not required to produce documents regarding businesses or properties
owned by his sister and brother.  The
Texas Rules of Civil Procedure contain no requirement that a party obtain a
nonparty’s personal financial information and produce the information in
response to a discovery request.  Thus,
the trial court’s failure to compel the requested discovery was not an abuse of
discretion.  Burgess also argues that the
trial court’s abuse of discretion in denying or limiting discovery was material
to her case, and denied her a fair trial, a fair evidentiary stage, and an opportunity
to prosecute her case and discover Feghhi’s fraud. This, she contends, caused
an incorrect, and lower, determination of child support.  We have concluded that the trial court did
not abuse its discretion in denying or limiting discovery regarding Feghhi’s
ability to pay child support.  Because
the trial court did not abuse its discretion in denying or limiting Burgess’s
discovery, it did not deny her “a fair trial, a fair evidentiary stage, and an
opportunity to prosecute her case and discover Feghhi’s fraud.”

Refusing
to Permit Additional Discovery at or after Final Hearing

            The scope of discovery is largely
within the discretion of the trial court, and the court’s action cannot be set
aside unless there is a clear showing of abuse of discretion.  Dillard Dep’t Stores, Inc. v. Hall,
909 S.W.2d 491, 492 (Tex. 1995); Lovelace v. Sabine Consol., Inc.,
733 S.W.2d 648, 652 (Tex. App.–Houston [14th Dist.] 1987, writ denied).  To support a reversal, the trial court’s
refusal to permit discovery must have been such a denial of the rights of the
appellant as was reasonably calculated to cause and probably did cause
rendition of an improper judgment.  Lovelace,
733 S.W.2d at 652.

            In cases under the Texas Family
Code, the discovery period begins the date a cause is filed and continues until
thirty days before the date set for trial. 
See Tex. R. Civ. P. 190.3(b)(1)(A).[3]  Thus, the discovery period in this case
ended, at the latest, thirty days before the September 8 hearing.  The clerk’s record shows that Burgess filed a
second request for production of documents and things on September 8, the date
of the final hearing.  Because Burgess
filed this discovery request after the discovery period ended, the trial court
did not abuse its discretion in refusing to permit the discovery.  See Tex.
R. Civ. P. 190.3(b)(1)(A).

Failing to
Require Compliance with the Texas Family Code

            Section 154.063 of the Texas Family
Code requires a party to furnish information sufficient to accurately identify
that party’s net resources and ability to pay child support and to produce
copies of income tax returns for the past two years, a financial statement, and
current pay stubs.  Tex. Fam. Code Ann. § 154.063 (Vernon
2002).  Section 154.185 requires the
trial court to order a parent providing health insurance to furnish certain
information to the obligee, obligor, or child support agency not later than the
thirtieth day after the date the notice of rendition of the order is received.  Id.  § 154.185 (Vernon
2002).  

            As a prerequisite to presenting a
complaint for appellate review, the record must show that a complaint was made
to the trial court by a timely request, objection, or motion that stated the
grounds for the ruling that the complaining party sought from the trial court
with sufficient specificity to make the trial court aware of the
complaint.  Tex. R. App. P. 33.1(a)(1)(A).  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or refused
to rule on the request, objection, or motion, and the complaining party must
have objected to the refusal.  Tex. R. App. P. 33.1(a)(2).

            Pursuant to section 154.063, Feghhi
produced his income tax returns for the past two years and a financial, or
profit and loss, statement.  See Tex. Fam. Code Ann. § 154.063.  According to the record, he did not produce
his current pay stubs.  However, Burgess
did not timely object during either hearing to Feghhi’s failure to produce his
pay stubs nor did she file a motion to compel production of his pay stubs.  See Tex.
R. App. P. 33.1(a)(1), (2).  Thus,
Burgess has waived this complaint. 

            The final modification order
required Feghhi to furnish Burgess and the Attorney General documents regarding
the health insurance policy he obtained covering S.A.B.  See Tex.
Fam. Code Ann. § 154.185.  Burgess’s
argument on appeal consists of only a conclusory statement that Feghhi failed
to send the medical insurance documents to her or the Attorney General’s office
after the final hearing.  The
jurisdiction of this court is, except where otherwise specially provided,
appellate only. Tex. Gov’t Code Ann. §
22.220(a) (Vernon 2004); see also Thorp Springs Christian College v.
Dabney, 37 S.W.2d 193, 196 (Tex. Civ. App.–Fort Worth 1931, no
writ).  The scope of our appellate
jurisdiction is limited to review of decisions by a lower court.  See United Am. Ins. Co. v. McPhail,  435 S.W.2d 624, 625-26 (Tex. Civ. App.–Tyler
1968, no writ); see also Walker v. Koger, 131 S.W.2d 1074, 1075
(Tex. Civ. App.–Eastland 1939, writ dism’d) (stating that the subject matter of
an assignment of error is some ruling or action of the court).  Here, Burgess complains of Feghhi’s failure
to comply with the trial court’s final order, not a decision of the trial
court.  Because we can review only
decisions of a lower court, we are without jurisdiction to address this issue.

            Burgess also asserts that under
section 154.063, Feghhi was required to produce discovery immediately after the
request was sent, and did not have thirty days to respond.  The Texas Family Code contains no specific
provisions governing discovery in a suit for modification of conservatorship,
possession, access, or child support.  See
Tex. Fam. Code Ann. §§
156.001-.401 (Vernon 2002 & Supp. 2006). 
Instead, it provides that the Texas Rules of Civil Procedure applicable
to the filing of an original lawsuit apply to a suit for modification.  See id. § 156.004 (Vernon
2002).  Burgess filed a request for
production of documents and things on June 4. 
Rule 196.2 states that a response to a request for production of
documents must be served within thirty days after service of the request.  Tex. R.
Civ. P. 196.2.  Thus, Feghhi’s
responses were not due until July 4. 
Feghhi produced his responses to discovery within the time specified by
Rule 196.2.  Therefore, Burgess’s
complaint is without merit. 

Waiver of
Objections

            Burgess contends that Feghhi waived
his objections to her discovery because they were not timely made.  As noted above, Feghhi timely filed his
responses to Burgess’s request for production. Further, he filed his objections
timely, within the time for response.  See
Tex. R. Civ. P. 193.2(a).  Therefore, Feghhi did not waive his discovery
objections.

Failure to
Produce Discovery

            Rule 193.4 of the Texas Rules of
Civil Procedure states that any party may at any reasonable time request a
hearing on an objection or claim of privilege asserted under this rule.  Tex.
R. Civ. P. 193.4(a).  A party need
not request a ruling on that party’s own objection to preserve the
objection.  Tex. R. Civ. P. 193.4(b). 
On June 28, Feghhi filed responses and objections to Burgess’s June 4
request for production of documents and things. 
Burgess did not request a hearing on Feghhi’s objections.[4]  See Tex.
R. Civ. P. 193.4(a).  Thus, the
trial court did not have an opportunity to rule on whether Feghhi’s objections
were valid.  See Tex. R. Civ. P. 193.4(b).  Further, on the day of the final hearing,
Burgess filed a pleading that contained a motion to compel documents and
things.  However, she did not request
that the trial court set the motion for hearing, and did not obtain a ruling
from the trial court on her motion.  See
Tex. R. Civ. P. 193.4(a),
(b).  Because Burgess did not obtain a
ruling on Feghhi’s objections or timely file and request a hearing on a motion
to compel, she waived her complaint regarding Feghhi’s failure to produce the
discovery to which he objected.  See Tex. R. App. P. 33.1(a)(1), (2). 

Failure to
Sanction Feghhi’s Attorney

            We review a trial court’s decision
regarding the sanction of a party under an abuse of discretion standard.  See Cire v. Cummings, 134
S.W.3d 835, 838 (Tex. 2004).  A trial
court may enter “just” sanctions for a party’s failure to comply with a
discovery order or request.  See id.
at 839; Tex. R. Civ. P. 215.2(b).  Likewise, a trial court may impose sanctions
against a party who abuses the discovery process.  Tex. R. Civ. P. 215.3.


            Feghhi produced his income tax
returns, a profit and loss statement, documentation to support his income tax
returns, and copies of wire transfers showing that the house he occupied was
owned by his sister.  He also produced
documents in response to Burgess’s requests for production.  However, at the June 28 hearing, the trial
court modified some of Burgess’s requests for production and determined that
Burgess could not require production of documents pertaining to businesses or
properties owned by third parties, specifically Feghhi’s sister and
brother.  Thus, the trial court did not
require Feghhi to produce all of the documents Burgess requested. Because
Feghhi produced the documents the trial court required, we cannot conclude that
the trial court abused its discretion by not sanctioning Feghhi’s attorney for
failing to produce discovery.  See  Tex. R.
Civ. P. 215.2(b); Cire, 134 S.W.3d at 838.

            We overrule Burgess’s issues one
through nine.  

 

Continuances (Issue 10)

            Burgess contends that the trial
court abused its discretion by granting continuances. Specifically, she argues
that she never knew about “unwanted continuances,” and that these continuances
delayed her case.  We review a trial
court’s decision regarding a continuance under an abuse of discretion
standard.  See BMC Software
Belgium, N.V. v. Marchand, 83 S.W.3d 789 , 800 (Tex. 2002).  A trial court has wide latitude in
controlling its docket, especially regarding preliminary hearings.  See Metzger v. Sebek, 892
S.W.2d 20, 38 (Tex. App.–Houston [1st Dist.] 1994, writ denied).  According to the record, the trial court
granted only one continuance, and that was regarding a preliminary
hearing.  On May 13, 2004, the Assistant
Attorney General stated that it had not received financial information from
Feghhi and had not informed Burgess of the hearing.  As a result, Burgess was not present.  Feghhi also had not received certain
information from the Assistant Attorney General until shortly before the
hearing. As a result, Feghhi’s attorney and the Assistant Attorney General
stated in open court that they had agreed to a continuance on the motion to
modify.  Under these circumstances, we
cannot conclude that the trial court abused its discretion in granting the
continuance of this preliminary hearing. 
Further, because she was not present at the hearing, Burgess was not
harmed by the trial court’s decision to grant the continuance.  We overrule Burgess’s issue ten.

 

Bias (Issue 11)

            Burgess argues that the trial court
was biased against her and calls our attention to the trial court’s statement
during a hearing on a motion for enforcement against Burgess.[5]  She also contends that the trial court denied
her “fair standards of law and justice or the administration of justice” and
never enforced due process protections on her behalf. Burgess claims that the
trial court was not fair or impartial because she allowed Feghhi’s attorney to
interrupt her, allowed Feghhi to “go first,” denied her “rules of court,”
denied her the ability to present her case, and failed to exercise control.

Applicable
Law

            Due process requires a neutral and
detached hearing body or officer.  Earley v. State, 855 S.W.2d 260, 262
(Tex. App.–Corpus Christi 1993), writ dism'd, improvidently granted, 872
S.W.2d 758 (Tex. Crim. App. 1994) (citing Gagnon v. Scarpelli,
411 U.S. 778, 786, 93 S. Ct. 1756, 1761, 36 L. Ed. 2d 656 (1973)).  In the absence of a clear showing to the
contrary, we will presume the trial court was a neutral and detached
officer.  Id. (citing Fielding
v. State, 719 S.W.2d 361, 366 (Tex. App.–Dallas 1986, pet.
ref'd)).  The complaining party must show
the judge acted improperly and that she suffered probable prejudice as a
result.  Rymer v. Lewis,
206 S.W.3d 732, 735-36 (Tex. App.–Dallas 2006, no pet.).  In reaching our decision, we examine the
entire record.  Id. at 736.


            Judicial rulings alone almost never
constitute a valid basis for a bias or partiality motion. Liteky v.
United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d
474 (1994).  Judicial remarks during the
course of a trial that are critical or disapproving of, or even hostile to,
counsel, the parties, or their cases, ordinarily do not support a bias or
partiality challenge.  Id.  Bias must come from an extrajudicial source
and result in an opinion on the merits of the case other than what the trial
court learned from participation in the case.  See in re K.L.R., 162 S.W.3d 291,
312 (Tex. App.–Tyler 2005, no pet.).  A
trial court has the inherent power to control the disposition of cases.  Dow Chem. Co. v. Francis, 46
S.W.3d 237, 240 (Tex. 2001).  The
discretion vested in the trial court over the conduct of a trial is great.  Id.  Further, a trial court may properly intervene
to maintain control in the courtroom, expedite the trial, and to prevent what
it considers to be a waste of time.  Id.
at 241. 

Analysis

            The record from the enforcement
hearing shows that the Assistant Attorney General informed the trial court that
the hearing involved a motion for enforcement brought by the State against
Burgess.  The trial court then informed
Burgess that a motion for enforcement could lead to her “being in jail or being
on probation which could also result in [her] going to jail.”  The trial court stated that Burgess had the
right to an attorney and that, if she was too poor to hire one, the court could
appoint one.  Burgess stated that she
wanted the trial court to consider appointing her an attorney.  The trial court informed Burgess that she
needed to complete some paperwork for review and concluded the hearing.  The trial court did not rule on the motion
for enforcement, but simply informed Burgess of the consequences if the motion
for enforcement was granted.  See Liteky,
510 U.S. at 555, 114 S. Ct. at 1157.   

            At the June 28, 2004 hearing, the
trial court addressed Burgess’s request for production.  This eventually led to Feghhi’s attorney
explaining the unusual aspects of the case, primarily involving Feghhi’s family’s
problems with transferring money from Iran to the United States and how those
transactions affected Feghhi’s financial documents and property records.  This explanation may be what Burgess
complains of as Feghhi being allowed to “go first.”  After hearing arguments from Feghhi’s
attorney and explanations by the Assistant Attorney General, the trial court
stated that she would allow Burgess to “tell me whatever you want to tell me.”  Burgess was allowed to argue, but was,
admittedly, interrupted by the trial court. 
Most of the interruptions were a direct result of Burgess’s arguments. 

            In the September 8, 2004 hearing,
Burgess was allowed to argue, but was interrupted by the trial court and Feghhi’s
attorney regarding her allegations and arguments.  She complained to the trial court that Feghhi’s
attorney started the case and kept “butting in,” and also told the court that
the rules of court were not what she “thought they were supposed to be.”  The trial court allowed Burgess to continue
her argument, which consists of approximately twenty pages of a thirty page
reporter’s record.  Feghhi’s attorney
interrupted at least once to question documents Burgess gave to the trial
court.  At one point, Burgess again
complained that Feghhi’s attorney was attempting to interrupt her and asked the
trial court not to allow him to do so. 
The trial court stated that she was listening to Burgess, but that
interruptions were “the way lawsuits go. 
Everybody gets to interrupt.  It’s
the way we do things.”  At the end of
Burgess’s argument, the trial court stated, at least twice, that Burgess was
repeating the same arguments.

            The record demonstrates that,
contrary to Burgess’s assertions of bias and partiality, the trial court was
patient, attentive, and professional. The trial court’s statements during the
hearing on the motion for enforcement were merely to inform Burgess of the
consequences if the motion was granted. 
Burgess complains about interruptions during other hearings, but these
hearings were informal and involved argument only.  No evidence or witnesses were presented.
Further, the record indicates that the trial court exercised its broad
discretion to maintain control and promote expedition of the hearings.  See Dow Chem. Co., 46 S.W.3d at
241.  Although Burgess complains that the
trial court violated court rules, she does not specify which rules were
violated,  or in what manner.

            Burgess also states that the trial
court was biased, but she does not identify any extrajudicial source that
influenced the trial court’s decision nor has she directed us to any evidence
in the record from which we might conclude any such influence existed.  See in re K.L.R., 162 S.W.3d at
312. Thus, in substance, she complains only of actions taken by the trial court
while acting in its judicial capacity at trial. 
Based upon our review of the record, we conclude that Burgess has failed
to make a clear showing that the trial court was biased or partial and, thus,
has failed to overcome the presumption that the trial court was a neutral and
detached officer.  See Earley,
855 S.W.2d at 262.  We overrule Burgess’s
issue eleven.

 

New Claims (Issue 12)

            Burgess contends that the trial
court erred in not allowing her to “prosecute” her fraud claims.

Parties may
amend their pleadings and file such other pleadings as they may desire “at such
time as not to operate as a surprise to the opposite party.”  Tex.
R. Civ. P. 63.  If a pleading is
offered for filing within seven days of trial or thereafter, the pleading shall
be filed only after leave of court is obtained. 
Id.  On the day of
the final hearing, September 8, Burgess filed a motion to amend “the
proceedings” alleging actions for fraud, misrepresentation, personal injury,
harassment, deceit, and retaliation against Feghhi.  Attached to the motion was a proposed
petition.  Burgess did not request that
the trial court rule on her motion, but the court informed Burgess that she
could not take up her new suit at the final hearing.  See id.  We construe this as a denial of Burgess’s
motion.  

            Although Feghhi failed to object to
Burgess’s motion, nothing in the record shows that he was served with a
copy.  Because the amendment was
requested at the final hearing and the record does not show that Feghhi was
served with a copy of Burgess’s motion, the trial court reasonably could have
concluded that the filing of the motion operated as a surprise and denied
it.  See id.  We overrule Burgess’s issue twelve.

 

Notices Pertaining to Hearings (Issues 13-14)

            Burgess argues that the trial court
erred or abused its discretion because she did not receive proper notices of
hearings in violation of her rights of due process and equal protection.  Moreover, she contends that she was not “invited”
to all of the hearings in violation of fair standards of law or the administration
of justice.  Because she was not notified
of hearings, she claims that she was denied the opportunity for discovery and
right to speak and give testimony in violation of her rights of due process.  Burgess also complains that Feghhi’s attorney
failed to notify her that he was attending the hearings by telephone, denying
her rights of due process and equal protection. 

Applicable
Law

            An elementary and fundamental
requirement of due process in any proceeding that is to be accorded finality is
notice reasonably calculated, under the circumstances, to apprise interested
parties of the pendency of the action and afford them the opportunity to
present their objections. Peralta v. Heights Med. Ctr., Inc., 485
U.S. 80, 84, 108 S. Ct. 896, 899, 99 L. Ed. 2d 75 (1988) (quoting Mullane
v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct.
652, 657, 94 L. Ed. 865 (1950)).  Failure
to give notice violates the most rudimentary demands of due process of
law.  Id.  However, no judgment may be reversed on
appeal on the ground that the trial court made an error of law unless the
appellate court concludes that the error (1) probably caused the rendition of
an improper judgment or (2) probably prevented the appellant from properly
presenting the case to the appellate court. 
Tex. R. App. P. 44.1(a). 

Analysis

            Although Burgess claims that she did
not receive notice of all the hearings or was not “invited” to all of the
hearings, the record shows that she attended all but one of the hearings.

Hearings
on May 27, June 28, and September 8, 2004

            According to the record, Burgess did
not object to the lack of notice for the hearings that took place on May 27,
June 28, or September 8, or complain that Feghhi’s attorney appeared by
telephone during the September 8 hearing. 
By failing to object, Burgess has failed to preserve these issues for
review.  See Tex. R. App. P. 33.1(a)(1).  Moreover, she does not explain how the lack
of notice of these hearings caused the rendition of an improper judgment or
prevented her from properly presenting her case to this court, particularly in
light of the fact that she attended all of these hearings.  See Tex.
R. App. P. 44.1(a)

Hearing on
May 13, 2004

            Burgess did not attend the hearing
held on May 13, 2004.  However, the
Assistant Attorney General informed the trial court that he and Feghhi’s
attorney had not yet reached a settlement and that Feghhi’s attorney wanted a
continuance because of scheduling problems. 
The Assistant Attorney General stated that he would like the case reset,
particularly because he did not have Feghhi’s financial information and he had
not informed the custodial parent, Burgess, of the hearing.  The trial court noted that Feghhi’s attorney
was not present and contacted him by telephone during the hearing. After some
discussion, the Assistant Attorney General and Feghhi agreed to a continuance
of the case until May 27.  Feghhi also
agreed to provide the requested financial information to the Attorney General
and to discuss a settlement.  No argument
was heard or evidence presented during this hearing. 

            Burgess argues that because she did
not receive notice of this hearing, she was denied the opportunity for
discovery and the right to speak and give testimony in violation of her rights
of due process.  Although notice is an
elementary and fundamental requirement of due process, it is a requirement only
for any proceeding that “is to be accorded finality.”  See Peralta, 485 U.S. at 84, 108 S.
Ct. at 899.  The May 13 hearing was not a
final hearing – there was no argument regarding the merits of the case, there
was no evidence presented during the hearing, and there was no decision
regarding the outcome of the case by the trial court.  Further, Burgess contends that she was
prevented from conducting discovery during this hearing.  However, she did not file her request for
discovery from Feghhi until June 4.  She
also does not state how her lack of notice of this hearing probably caused the
rendition of an improper judgment.  See
Tex. R. App. P. 44.1(a).  Because the May 13 hearing was not a final
hearing and Burgess failed to show how the lack of notice caused the rendition
of an improper judgment, we conclude that, if the trial court erred in failing
to provide notice of the May 13 hearing, the error was harmless. 

            We overrule Burgess’s issues
thirteen and fourteen.

 

Witnesses (Issue 15)

            Burgess argues that the trial court
improperly excluded her witnesses, including S.A.B.  At the June 28 hearing, the trial court
observed that S.A.B. was in the courtroom. 
Burgess stated that she thought S.A.B. was to be sworn as a witness to
testify that she had never received anything from Feghhi.  The trial court stated that the courtroom was
not a place for children and requested the child wait outside and be taken
home.  Burgess stated that S.A.B. wanted
to come, but admitted telling the child that she did not believe the trial
court was going to let her in the courtroom. 
Burgess never  asked the trial
court to allow S.A.B. to testify.  At the
September 8 hearing, Burgess’s mother attempted to speak to the trial court,
but was ordered to “be quiet” because she was not in the case or before the
court.  According to the record, Burgess
never objected that the trial court improperly excluded her witnesses. Because
Burgess failed to timely object to the exclusion of her witnesses, she has
waived her complaint.  See Tex. R. App. P. 33.1(a)(1).  We overrule Burgess’s issue fifteen.

 

Hearsay (Issue 16)

            Burgess argues that the trial court
erred in overruling her hearsay objections to Feghhi’s evidence, including his
statements regarding his sister’s ownership of certain properties.  “Hearsay” is a statement, other than one made
by the declarant while testifying at the trial or hearing, offered in evidence
to prove the truth of the matter asserted.  Tex. R. Evid. 801(d).  If a party against whom a hearsay statement
has been admitted calls the declarant as a witness, the party is entitled to
examine the declarant on the statement as if under cross examination.  Tex.
R. Evid. 806. 

            At the June 28 hearing, Feghhi
presented documentation showing Feghhi’s sister’s transfer of monies.  Burgess did not object to those documents
during the hearing.  At the September 8
hearing, after Burgess argued that she had not seen the documentation that
Feghhi’s sister transferred monies to him, Burgess “objected to it” because
Feghhi’s sister was not at the hearing. 
The trial court simply said “okay,” but did not rule on Burgess’s
objection.  Burgess failed to timely
object to the documentation regarding Feghhi’s sister’s transfer of monies,
allowing these documents to be presented at the June 28 hearing without
objection.  She also failed to obtain a
ruling on her objection during the September 8 hearing.  By failing to timely object or obtain a
ruling on her objection, she has waived this issue for review.  See Tex.
R. App. P. 33.1(a)(1), (2)(A).  We
overrule Burgess’s issue sixteen.

 

Credibility of Witnesses (Issue 17)

            Burgess argues that the trial court
abused its discretion when it believed Feghhi’s testimony and evidence
regarding his financial status and ability to pay child support because it was
false, misleading, and fraudulent.  In a
bench trial, the trial court, as fact finder, is the sole judge of the
credibility of the witnesses.  Southwestern
Bell Media, Inc. v. Lyles, 825 S.W.2d 488, 493 (Tex. App.–Houston [1st
Dist.] 1992, writ denied).  The court may
take into consideration all of the facts and surrounding circumstances in
connection with the testimony of each witness and accept or reject all or any
part of that testimony.  Id.  Although Burgess argues that Feghhi’s
testimony and evidence was false, misleading, and fraudulent, the record
contains only the reporter’s records of the hearings and no exhibits that were
admitted during the hearings.  Burgess
has attached a large volume of documents to her brief.  However, we must determine a case on the
record as filed, and may not consider documents attached as exhibits to an
appellate brief.  Till v. Thomas,
10 S.W.3d 730, 733 (Tex. App.–Houston [1st Dist.] 1999, no pet.).

            Because the trial court was the
exclusive judge of Feghhi’s credibility and Burgess has presented us with
nothing but the reporter’s records without exhibits, we cannot conclude that
the trial court abused its discretion by believing Feghhi’s testimony and
evidence regarding his financial status and ability to pay child support.  We overrule Burgess’s issue seventeen.

 

Exclusion of Evidence (Issue 18)

            Burgess also contends that the trial
court improperly excluded her evidence. 
We review a trial court’s evidentiary rulings for an abuse of
discretion.  See Owens-Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).  A trial court abuses its discretion when it
rules without regard for any guiding rules or principles.  Id.  The burden is on the complaining party to
present a sufficient record to the appellate court to show error requiring
reversal.  Est. of Veale v.
Teledyne Indus., Inc., 899 S.W.2d 239, 242 (Tex. App.–Houston [1st
Dist.] 1995, writ denied).  Although
Burgess complains that the trial court excluded her evidence, the record does
not show what evidence was excluded by the trial court.  The trial court accepted a box of unidentified
documents on September 8 and agreed to examine them in making its ruling,
but it did not admit these documents into evidence.  Because Burgess did not present a bill of
review on these documents, we have nothing to review.  We overrule Burgess’s issue eighteen.

 

Retroactive Child Support (Issue 19)

            Burgess argues that the trial court
should have determined Feghhi’s child support from the date of his fraud or
from the date of filing the motion to modify. 
A support order may be modified only as to obligations accruing after
the earlier of the date of service of citation or an appearance in the suit to
modify.  Tex. Fam. Code Ann. § 156.401(b) (Vernon 2002).  Thus, the trial court had no authority to
modify child support from the date of Feghhi’s alleged fraud or from the date
the motion to modify was filed.  Further,
the motion to modify did not ask for retroactive child support.  Thus, the trial court did not err in refusing
to grant child support before the date of service of citation.  We overrule Burgess’s issue nineteen.

 

Modification of Child Support (Issues 20-26)

            Burgess contends that the trial
court abused its discretion by excluding other sources of income including
deemed income, bank accounts, businesses, properties, and Feghhi’s wife’s income
taxes in determining Feghhi’s monthly net resources and, thus, his child
support.  She also argues that Feghhi
misrepresented his income taxes. 
Further, she contends that the trial court abused its discretion in
determining the number of children before the court and the percentage of his
income to be paid as child support.  She
also contends that the trial court abused its discretion when it failed to
consider additional factors in determining child support, and that the trial
court did not consider the best interests of the child.  Finally, she argues that the trial court
should have ordered child support beyond the child’s eighteenth birthday.

Standard
of Review

            A court’s order of child support
will not be disturbed on appeal unless the complaining party can show a clear
abuse of discretion.  Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990); In re L.R.P.,
98 S.W.3d 312, 313 (Tex. App.–Houston [1st Dist.] 2003, pet. dism’d).  The test for abuse of discretion is whether
the trial court acted without reference to any governing rules or
principles.  Worford, 801
S.W.2d at 109; In re L.R.P., 98 S.W.3d at 313.  In other words, the issue is whether the
trial court’s actions were arbitrary or unreasonable.  Worford, 801 S.W.2d at 109; In
re L.R.P., 98 S.W.3d at 313. 

            Under the abuse of discretion
standard, legal and factual insufficiency of the evidence are not independent
reversible grounds, but are relevant components in assessing whether the trial
court abused its discretion.  In re
L.R.P., 98 S.W.3d at 313; Farish v. Farish, 921 S.W.2d
538, 542 (Tex. App.–Beaumont 1996, no writ). 
In making this determination, the reviewing court must view the evidence
in the light most favorable to the actions of the trial court and indulge every
legal presumption in favor of the judgment. 
Nordstrom v. Nordstrom, 965 S.W.2d 575, 578 (Tex. App.–Houston
[1st Dist.] 1997, pet. denied); In re S.B.C., 952 S.W.2d 15,
17-18 (Tex. App.–San Antonio 1997, no writ). 
If there is some evidence of a substantive and probative character to
support the judgment, the trial court did not abuse its discretion.  Nordstrom, 965 S.W.2d at 578; In
re S.B.C., 952 S.W.2d at 18.

Applicable
Law

            A trial court may modify a child
support order if the circumstances of the child or a person affected by the
order have materially and substantially changed since the date of the order’s
rendition.  Tex. Fam. Code § 156.401(a)(1) (Vernon 2002).  A child support order also may be modified if
it has been three years since the order was rendered or last modified and the
monthly amount of the child support award differs by either twenty percent or
one hundred dollars from the amount that would be awarded in accordance with
child support guidelines.  Id.
§ 156.401(a)(2).  In determining whether
the circumstances of the child or a person affected by the order have
materially and substantially changed, evidence regarding the parents’ or child’s
financial circumstances and needs at the time of divorce and the time of
modification should be considered by the trial court.  Farish, 921 S.W.2d at 541; In
re Striegler, 915 S.W.2d 629, 635 (Tex. App.–Amarillo 1996, writ
denied).  The amount of a child support
order established by the child support guidelines is presumed to be reasonable
and an order of support conforming to the guidelines is presumed to be in the
best interest of the child.  Tex. Fam. Code Ann. § 154.122 (a)
(Vernon 2002).

            Under the Texas Family Code, net
resources for calculating child support include all wage and salary income and
other compensation for personal services, including commissions, overtime pay,
tips, bonuses, and all other income actually being received, including gifts
and prizes.  Id. § 156.062(a),
(b)(1), (5) (Vernon 2002).  The duty to
support a child is not limited to a parent’s ability to pay from current
earnings, but also extends to his financial ability to pay from any and all
sources that might be available.  In
re Striegler, 915 S.W.2d at 638; Roosth v. Roosth, 889
S.W.2d 445, 455 (Tex. App.–Houston [14th Dist.] 1994, writ denied); Musick
v. Musick, 590 S.W.2d 582, 586 (Tex. Civ. App.–Tyler 1979, no writ).            

Analysis

            Regarding child support, we note
that the reporter’s record contains only argument and does not include any
exhibits admitted into evidence. 
Although the trial court agreed to take a box of documents that Burgess
referred to during the September 8 hearing, these documents were not identified
during the hearing or admitted into evidence and are not included in the record
on appeal.  Further, the record contains
little or no testimony regarding the amount of income reflected by Feghhi’s tax
returns or the profit and loss statement that he produced during trial.
Although Burgess attached a number of documents to her brief, we cannot
consider documents attached to an appellate brief that do not appear in the
record.  See Till,
10 S.W.3d at 733. 

            Regarding her contention that the
trial court excluded deemed income, a court may assign a reasonable amount of
deemed income attributable to assets that do not currently produce income. Tex. Fam. Code Ann. § 154.067(a)
(Vernon 2002).  However, Burgess does not
argue that the trial court failed to assign income to assets that do not
currently produce income, but that the trial court excluded certain sources of
income in determining Feghhi’s child support. 
Nonetheless, the burden is on Burgess to present a sufficient record to
the appellate court to show error requiring reversal. Aguero v. Aguero,
225 S.W.3d 236, 238 (Tex. App.–El Paso 2006, no pet.).  As noted above, the reporter’s record
contains only argument.  Thus, we cannot
determine what sources of income were excluded by the trial court.  Because Burgess has not presented a record
sufficient to show that the trial court excluded other sources of Fegghi’s
income or that Feghhi misrepresented his income taxes, she has waived the
issue.  See id.

            Burgess further contends that the
trial court abused its discretion in determining the number of children before
the court and the percentage of Feghhi’s income to be paid as child
support.  Under the alternative method of
computing support for children in more than one household, an obligor who has
one child before the court and two children for whom he has a duty of support
should pay sixteen percent of his net resources for child support.  Tex.
Fam. Code Ann. §154.129 (Vernon 2002). 
In the final order, the trial court found that the percentage applied to
his net resources for child support was sixteen percent and that there was one
child before the court, but that there were two children not before the court
residing in the same household as Feghhi. 
The record supports the trial court’s finding that Feghhi had two other
children to support.  The order of child
support regarding the amount of children and the percentage applied to Feghhi’s
net resources conformed to the child support guidelines.  Therefore, we conclude that the trial court
did not abuse its discretion in determining the number of children before the
court and the percentage of Feghhi’s income to be paid as child support.  See id.  §§
154.122 (a), 154.129. 

            Burgess also complains that the
trial court abused its discretion when it failed to consider additional factors
in determining child support.  Under a
liberal construction of Burgess’s argument, we conclude that she is referring
to section 154.123 of the Texas Family Code. 
Section 154.123 states that a court may order child support payments in
an amount other than that established by the child support guidelines if the
evidence rebuts the presumption that application of the guidelines is in the
best interest of the child and justifies a variance from the guidelines.  See id. § 154.123(a)
(Vernon 2002).  To determine whether
application of the child support guidelines would be unjust or inappropriate
under the circumstances, a court shall consider evidence of all relevant
factors including, among others, the age and needs of the child, the ability of
the parents to contribute to the support of the child, any financial resources
available for the support of the child, the amount of the obligee’s net
resources, provision for health care insurance and payment of uninsured medical
expenses, special or extraordinary educational, health care, or other expenses
of the parties or of the child, positive or negative cash flow from any real
and personal property and assets, including a business and investments, and any
other reason consistent with the best interest of the child, taking into
consideration the circumstances of the parents. 
See id. § 154.123(b). 

            According to the record, Burgess did
not object that the trial court refused to consider these additional factors
when it determined child support. 
Instead, she argued that Feghhi’s monthly net resources exceeded $6,000
and that the trial court should award child support based on that amount. The
grounds asserted on appeal must comport with the objection at trial.  Moser v. Davis, 79 S.W.3d 162,
169 (Tex. App.–Amarillo 2002, no pet.). 
An objection at trial that is not the same as the issue urged on appeal
presents nothing for appellate review.  Scurlock
Permian Corp. v. Brazos Cty., 869 S.W.2d 478, 484 (Tex. App.–Houston
[1st Dist.] 1993, writ denied).  Because
Burgess’s argument on appeal does not conform to her complaint during trial,
she has waived this issue.  See id.

            Burgess also argues that the trial
court did not consider the best interest of the child. However, the order of
support conformed to the guidelines and, thus, was presumed to be in the best
interest of the child.  Tex. Fam. Code Ann. § 154.122.  Moreover, in the final order, the trial court
found that its order was in the best interest of the child.  Burgess did not provide any argument or
citations to the record to demonstrate how the child support order was not in
the best interest of the child.  Her argument
consisted only of  conclusory statements
that the trial court failed to consider the child’s best interest.  Because Burgess has failed to provide us with
an adequate substantive analysis of this issue, she has presented nothing for
our review.  See Tex. R. App. P. 38.1(h).

            Finally, Burgess argues that the
trial court should have ordered child support beyond S.A.B.’s eighteenth
birthday because she had continuing dental problems and Feghhi denied her
medical insurance in the past.  According
to the Texas Family Code, a court may order child support until the child is 18
years of age or until graduation from high school, whichever occurs later or,
if the child is disabled as defined in the statute, for an indefinite period.  Tex.
Fam. Code Ann. § 154.001(a) (Vernon 2002).  Burgess does not argue that S.A.B. is under
eighteen years of age, is still in high school, or is disabled.  Therefore, the trial court did not abuse its
discretion when it failed to order child support beyond the time limits imposed
by the family code.  

            We overrule Burgess’s issues twenty
through twenty-six.

 

Other Issues (Issues 27-37)

            Burgess presents eleven other issues
in her brief. More specifically, she argues as follows:

 

                27.          She
should receive a new judge and reasonable accommodations and modifications
under the Americans with Disabilities Act based upon her disability, which she
characterized as an inability to focus;

 

                28.          Feghhi
should pay for an attorney for S.A.B. and for the costs of the appeal;

 

                29.          The
Attorney General should be ordered to perform a Financial Information Data
Match on Feghhi and his family;

 

                30.          Feghhi
was in contempt of the order in the suit for modification of child support
because he failed to pay child support and provide medical insurance.  She requests that Feghhi be placed on
probation and be ordered to reimburse Burgess for those medical expenses;

 

                31.          We
should determine Feghhi’s ability to pay child support and the amount of child
support because of the untimeliness of this case.  She specifically complains about the delays
in the case;

 

                32.          The
trial court erred or abused its discretion in failing to hold a hearing on her
motion to compel;

 

                33.          Feghhi
should be ordered to produce responses to her discovery because he failed to
object;

 

                34.          Feghhi’s
attorney should return the “lost papers”;

 

                35.          We
should order that she receive a jury trial;

 

                36.          She
was unfairly deprived of notice of all motions and pleadings in violation of
her “rights”; and that

 

                37.          Feghhi
concealed evidence, committed fraud and perjury, and misrepresented his
resources.  

 

            Burgess has waived issues
twenty-seven, twenty-eight, and twenty-nine because she did not complain during
trial by a timely request, objection, or motion.  See Tex.
R. App. P. 33.1(a)(1).  Because
Burgess did not file a timely motion with the trial court regarding Feghhi’s
failure to comply with the order in the suit for modification of child support,
she has waived issue thirty.  See Tex. R. App. P. 33.1(a)(1).  Burgess failed to object to the delays at
trial and, thus, she has waived issue thirty-one.  See Tex.
R. App. P. 33.1(a)(1).  Because
Burgess did not file a timely motion or request a hearing on her motion to
compel, she has waived issue thirty-two. 
See Tex. R. App. P. 33.1(a)(1),
(2). 

            Regarding issue thirty-three, we
have already determined that Feghhi timely objected to Burgess’s discovery
requests and that, although Burgess filed a motion to compel after the final
hearing, she never requested that the motion be set for hearing, and did not
obtain a ruling on her motion from the trial court.  Because Burgess did not file a timely motion
to compel or obtain a ruling on Feghhi’s objections, she has waived issue
thirty-three.  See Tex. R. App. P. 33.1(a)(1), (2).
Regarding issue thirty-four, Burgess filed a motion on September 23, 2004
requesting that certain unspecified “lost papers” be returned.  However, she did not request that the motion
be set for a hearing and did not receive a ruling on her motion from the trial
court.  Because Burgess did not obtain a
ruling on her motion, she has waived issue thirty-four.  See Tex.
R. App. P. 33.1(a)(1), (2).  Even
if she had obtained a ruling, however, we are unable to locate any authority
permitting an appeal of such an order.

            Regarding issue thirty-five,
according to the Texas Family Code, a party may demand a jury trial except that
the court may not submit to the jury questions on the issues of child
support.  Tex. Fam. Code Ann. § 105.002(a), (c)(2)(A) (Vernon
2002).  Because this suit involved child
support issues only, Burgess was not entitled to a jury trial.  Thus, her complaint is without merit.  Even if Burgess were entitled to a jury
trial, the result would not change. 
According to Rule 216 of the Texas Rules of Civil Procedure, no jury
trial shall be had in any civil suit unless a written request for a jury trial
is filed with the clerk of the court not less than thirty days in advance of
the date set for trial on the nonjury docket. 
Tex. R. Civ. P. 216(a).  Had Burgess been entitled to a jury trial, by
failing to request a jury trial thirty days in advance of the final hearing, she
would have waived the issue.

            Regarding issue thirty-six, Burgess
did not provide any argument or citations to the record identifying the motions
and pleadings she did not receive.  Her
argument consisted only of a conclusory statement that she did not receive
notice of all motions and pleadings. 
Because Burgess has failed to provide us with an adequate substantive
analysis of this issue, she has presented nothing for our review.  We overrule Burgess’s issue thirty-six.  See  Tex. R.
App. P. 38.1(h).

            Finally, regarding issue
thirty-seven, it is Burgess’s burden to present a sufficient record to the
appellate court to show error requiring reversal.  See Aguero, 225 S.W.3d at
238.  The record contains only arguments
and does not include any exhibits admitted into evidence.  Although Burgess points to documents attached
to her brief, we cannot consider documents attached to an appellate brief that
do not appear in the record.  See Till,
10 S.W.3d at 733.  Because Burgess has
not provided a record sufficient to show that Feghhi concealed evidence,
committed fraud and perjury, and misrepresented his resources, she has waived
this issue.  See Aguero,
225 S.W.3d at 238.

            We overrule Burgess’s issues
twenty-seven through thirty-seven.

 

Disposition

            The judgment of the trial court is affirmed.  All pending motions are overruled.

 

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

                                                

 

Opinion delivered July 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] We have liberally construed Burgess’s brief in order to give effect to
her arguments.  See Tex. R. App. P. 38.9.  Under such a construction, we have determined
that Burgess has raised thirty-seven issues.





[2]  The record
does not contain any written orders requiring Feghhi to produce certain discovery.  Nor did the trial court identify on the
record which of Burgess’s discovery requests it considered proper.  We cannot verify what discovery the trial
court required Feghhi to produce and, thus, we rely on Feghhi’s uncontroverted
statements to the trial court about the substance of its discovery orders.





[3] Unless a suit is governed by a discovery control plan under Rules 190.2
or 190.4, discovery must be conducted in accordance with Rule 190.3 of the
Texas Rules of Civil Procedure.  See Tex. R. Civ. P. 190.3(a).





[4]  The trial
court reviewed Burgess’s discovery requests at the June 28 hearing.  However, Feghhi filed his responses and
objections after the hearing.





[5] The hearing on the motion for enforcement against Burgess was brief,
and the State did not explain the subject matter of the motion. Further, the
motion for enforcement is not a part of the clerk’s record.