Pablo AGUERO, Appellant,

v.

Cynthia AGUERO, Appellee.

No. 08–05–00010–CV.

Court of Appeals of Texas,
El Paso.

Feb. 2, 2006.

G. Daniel Mena, El Paso, for appellant.

Jesus Rodriguez, Asst. Co. Atty., El Paso, for appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

This is an appeal from a protective order granted against Appellant, Pablo Aguero. In one issue, Appellant contends the evidence supporting the trial court's decision to grant a protective order was insufficient because the trial court improperly based it's decision on the hearsay testimony of Appellee. We affirm.

On December 6, 2004, Appellee filed an application for a protective order on behalf of herself and her children alleging Appellant had committed family violence. By affidavit attached to the application, Appellee alleged that Appellant had engaged in sexual intercourse with her minor daughter, physically assaulted her on two separate occasions, and improperly touched her daughter. The trial court granted a temporary ex parte protective order and show cause order on December 6, 2004. An amended temporary ex parte protective order and show cause order was granted by the court on December 10, 2004.

On December 17, 2004, the trial court held a hearing to determine whether or not a final protective order should be granted. The trial court found that family violence had occurred and was likely to occur in the future and specifically found

that: (1) Appellant committed family violence against Appellee; (2) Appellant had committed violence against the minor children by assaulting Appellee in front of them; (3) Appellant had committed family violence against the Appellee's minor son by having him witness a sexual assault upon the minor daughter of Appellee; and (4) Appellant had committed family violence by sexually assaulting Appellee's daughter. The court further found that the "Protective Orders [were] necessary for the protection of the family and [were] in the best interest of the parties and of the other members of the family or household." Appellant received a copy of the protective order by and through his attorney. Appellant filed a notice of appeal on January 13, 2005.

■ It appears from Appellant's brief that he is attempting to argue that the trial court erred in granting the protective order because the evidence was legally insufficient. Within his legal sufficiency complaint, Appellant also attempts to argue that the trial court improperly granted the protective order based on the hearsay testimony of Appellee regarding statements made to her by her daughter concerning alleged sexual abuse by Appellant.[1]

■ The State argues that this Court would need the reporter's record to review Appellant's issue. Additionally, the State argues that the failure of Appellant to properly initiate the completion of a record sufficient to demonstrate error prevents this Court from addressing his complaint. We agree. The burden to timely prepare,

file, and certify the reporter's record lies with the court reporter. Tex.R.App.P. 35.3(b). The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. Tex. R.App.P. 35.3(c). However, an appellant must properly request and pay for the record (or make arrangements to pay for the record) before any duty arises. *See Kent v. State*, 982 S.W.2d 639, 640–41 (Tex. App.-Amarillo 1998, pet. ref'd, untimely filed). The appellant bears the burden of properly initiating the completion of a record sufficient to demonstrate reversible error. *Id.* at 641. If he fails to do so and raises a point of error on appeal which involves matters omitted from the record, his actions prevent an appellate court from adequately addressing the dispute. *Id.* By so inhibiting an appellate court, the appellant waives his complaint. *Id.; see also Cheek v. State*, 65 S.W.3d 728, 730 (Tex.App.-Waco 2001, no pet.).

In the present case, this Court received an affidavit from the court reporter on February 7, 2005. The affidavit stated that as of that date, she had not received a designation of record from Appellant nor had any financial arrangements been made. This Court sent notice to both counsel for Appellant and the assistant county attorney informing both parties that the court reporter had not received a designation of record nor had any financial arrangements been made for payment of the record. The notice also stated that if no response was received by February 25, 2005, the appeal would be considered on the clerk's record only.

---

1. We note that Appellant complains only of this portion of Appellee's testimony. However, in addition to the finding that Appellant had committed family violence against Appellee's minor daughter, the trial court also found that Appellant had committed family violence against: (1) Appellee; (2) Appellee's minor son who witnessed an alleged instance of misconduct between Appellant and Appellee's daughter; and (3) against the minor children by assaulting Appellee in front of them. Thus, the trial court could have based it's decision to grant the protective order on other portions of Appellee's testimony.

On February 25, 2005, this Court received another affidavit from the court reporter stating that as of that day, she had not received a designation of record from counsel for Appellant nor had any financial arrangements been made. On the same day, this Court sent notice to both counsel for Appellant and the assistant county attorney. The notice informed both parties that the court reporter had not received a designation of record nor had any financial arrangements been made and it appeared that no reporter's record would be filed in this cause. This Court received no response from either party.

The failure of Appellant to provide this Court with a record prevents us from reviewing the substance of the testimony actually presented during the hearing to determine if it was improperly admitted by the trial court. Additionally, without a proper record, we are unable to determine if the complained-of testimony did in fact form "the bases [sic] of the issuance of the family protective order" as Appellant alleges, or if other portions of Appellee's testimony support the trial court's decision to grant the order.

Even assuming the testimony Appellant complains of was improperly admitted during the hearing and the trial court granted the protective order on the basis of that testimony, the failure of Appellant to provide this Court with a record prevents us from determining whether or not he properly objected when the testimony was offered. Generally, in order to properly preserve a complaint for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. Tex. R.App.P. 33.1(a); *see also Gurka v. State,* 82 S.W.3d 416, 421 (Tex.App.-Austin 2002, pet. ref'd)(where counsel did not object to testimony of witness concerning out-of-court statements made by victim, error

was not properly preserved). Thus, without a record, we are unable to determine if Appellant has preserved this issue for our review.

Because Appellant has failed to request or pay for a record sufficient to demonstrate error, we are unable to consider his issue and it is therefore waived. *See Kent,* 982 S.W.2d at 641. Therefore, we overrule Issue One.

Accordingly, we affirm the trial court's judgment.