Opinion issued June 26, 2008











     





In The
Court of Appeals
For The
First District of Texas




NO. 01-06-01039-CV




STUART GUILLOT, Appellant

V.

DEBRA GUILLOT, Appellee




On Appeal from the 387th District Court
Fort Bend County, Texas
Trial Court Cause No. 05-CV-143,959




MEMORANDUM OPINION
          Appellant, Stuart Guillot, appeals the final decree of divorce rendered by the
trial court that appointed appellee, Debra Guillot, the sole managing conservator over
Stuart and Debra’s four children. In fourteen issues, Stuart asserts that the trial court:
• erred by appointing Debra the sole managing conservator and Stuart
the possessory conservator (issues one and two); 
 
• abused its discretion in calculating and ordering the amount of Stuart’s
net resources and child support obligations (issues three and fourteen);
 
 • erred by not allowing Stuart to present a defense during the hearing on
the temporary protection order (issue four);
 
• erred by awarding Debra spousal support (issues five and seven);
 
• erred by striking Stuart’s pleadings and denying a continuance (issue
six);
 
• was not a fair and impartial trier of facts (issue eight);
 
• erred by entering a protective order based on an act of family violence
for which Stuart had already received punishment in a criminal suit
(issue nine);
 
• erred by failing to file findings of fact and conclusions of law (issue
ten);
 
• erred by limiting Stuart’s access to his children to supervised access
(issue eleven);
 
• violated the Equal Protection Clause because the record showed that
Debra had also committed family violence (issue twelve); and 
 
• abused its discretion by imposing fines of $100 against Stuart’s
attorney for each leading question (issue thirteen). 

We conclude that Stuart waived his third, fourth, and sixth through fourteenth issues. 
Concerning issues one, two, and five, we conclude the trial court did not abuse its
discretion by appointing Debra sole managing conservator of the couple’s children
or by awarding spousal support to Debra. We affirm. 
BackgroundThe 1994 marriage of Stuart and Debra produced four children. After more
than ten years of marriage, Debra filed for divorce from Stuart in July 2005. On
November 17, 2005, Debra applied for and obtained a Protective Order for Family
Violence against Stuart. At the hearing concerning the protective order, Debra
testified that Stuart physically and verbally abused her and threatened to kill her. The
protective order allowed Stuart to have contact with his children only through the
SAFE supervised visitation program. 
          In October 2006, the trial court heard the divorce action. After the hearing, the
trial court signed a final decree of divorce on October 17. The trial court appointed
Debra the sole managing conservator and appointed Stuart the possessory
conservator. The trial court ordered that Stuart’s visitation continue through the
SAFE program “in accordance with provisions of this Court’s ‘Final Protective
Order’ rendered on November 17, 2005.”
          The trial court found that the amount of net resources available to Stuart per
month is $7,590 and that applying the appropriate guidelines


 to the first $6,000 of
Stuart’s net resources results in a child support obligation of $2,100 per month. The
trial court ordered Stuart to make child support payments in that amount.
Abuse of Discretion Standard of Review
          A trial court abuses its discretion when it rules arbitrarily, unreasonably,
without regard to guiding legal principles, or without supporting evidence. See
Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998); Pickens v. Pickens, 62 S.W.3d
212, 214 (Tex. App.—Dallas 2001, pet. denied). Under the abuse of discretion
standard, legal and factual sufficiency of the evidence are not independent grounds
for asserting error, but they are relevant factors in assessing whether the trial court
abused its discretion. Pickens, 62 S.W.3d at 214; see also Lindsey v. Lindsey, 965
S.W.2d 589, 592 (Tex. App.—El Paso 1998, no pet.) (stating that appellate court may
conduct sufficiency of evidence review to determine whether trial court had sufficient
evidence before it upon which to exercise its discretion). We must defer to factual
resolutions by the trial court that are based on conflicting evidence, as well as any
credibility determinations that may have affected those factual resolutions, and we
may not substitute our judgment for that of the trial court in those matters. George
v. Jeppeson, 238 S.W.3d 463, 474 (Tex. App.—Houston [1st Dist.] 2007, no pet.).
Appointing Sole Managing Conservator
          In his first issue, Stuart contends that the evidence is legally and factually
insufficient to support the trial court’s final decree of divorce that ordered possession
of the parties’ children different from the standard possession order. In his second
issue, Stuart asserts that the trial court abused its discretion by “granting sole custody
to Debra Guillot as she had committed family violence in the last two years and she
had threatened to kill the children.” Stuart does not assert that the trial court abused
its discretion by issuing the protective order in November 2005 or that the evidence
is insufficient to support that decision.



          The Family Code addresses the trial court’s options in appointing conservators
of children when a parent has committed family violence. Section 153.004, “History
of Domestic Violence,” provides,
(a)In determining whether to appoint a party as a sole or joint
managing conservator, the court shall consider evidence of the
intentional use of abusive physical force by a party against the
party’s spouse . . . committed within a two-year period preceding
the filing of the suit or during the pendency of the suit.
 
(b)The court may not appoint joint managing conservators if credible
evidence is presented of a history or pattern of past or present
child neglect, or physical or sexual abuse by one parent directed
against the other parent . . . .
 
(c)The court shall consider the commission of family violence in
determining whether to deny, restrict, or limit the possession of
a child by a parent who is appointed as a possessory conservator.
 
(d)The court may not allow a parent to have access to a child for
whom it is shown by a preponderance of the evidence that there
is a history or pattern of committing family violence during the
two years preceding the date of the filing of the suit or during the
pendency of the suit, unless the court:
 
(1)finds that awarding the parent access to the child would not
endanger the child’s physical health or emotional welfare
and would be in the best interest of the child; and
 
(2)renders a possession order that is designed to protect the
safety and well-being of the child and any other person
who has been a victim of family violence committed by the
parent and that may include a requirement that:
 
(A)the periods of access be continuously
supervised by an entity or person
chosen by the court . . . .

Tex. Fam. Code Ann. § 153.004 (Vernon Supp. 2007).
          Here, the trial court found that Stuart had committed family violence when it
issued the protective order in November 2005. Further, it is undisputed that on July
20, 2004, Stuart received deferred adjudication for assault with an affirmative finding
of family violence, which is within two years of the date that Debra filed for divorce
on July 22, 2005. Based on the plain language of the Family Code, the trial court was
required to consider this factor in determining conservatorship of and access to the
children. See id. § 153.004(a) (trial court “shall consider evidence” of family
violence in determining conservatorship); id. §153.004(c) (trial court “shall consider
the commission of family violence” in determining access to children). Further, the
Family Code prohibited the trial court from appointing Stuart a joint managing
conservator and required the trial court to allow only supervised access to children. 
Id. § 153.004(b) (trial court “may not appoint joint managing conservators” if history
or pattern of physical abuse exists); id. § 153.004(d)(2) (in cases of family violence
within two years of filing of suit for dissolution of marriage, trial court “may not
allow” access unless possession order designed to protect children, which “may
include requirement” of supervised access). 
          Because the trial court acted consistently with the plain language of the Family
Code, we conclude that the trial court did not abuse its discretion by appointing Stuart
a possessory conservator or requiring supervised access to the children.
          Concerning Stuart’s assertion that Debra also committed family violence, he
identifies the testimony of an officer from the Fort Bend County Sheriff’s Office. The
officer testified that he responded to a family violence call to the Guillots’ home and
found, in addition to a red mark on Debra’s chest, “bruising, scratches on [Stuart’s]
face and neck area.” The officer did not state that Debra committed family violence,
but Stuart testified that Debra had threatened him and struck him on various
occasions. Stuart also testified that Debra, on one occasion, threatened to drown the
children if he did not do as she asked. However, Debra denied these accusations.
          Because the trial court was presented with conflicting evidence and was
required to resolve a factual issue by determining the credibility of the witnesses, we
cannot conclude that the trial court abused its discretion by implicitly finding Stuart’s
testimony lacking in credibility. See George, 238 S.W.2d at 474.
          We overrule Stuart’s first and second issues. 
Spousal Support
          In his fifth issue, Stuart contends that the trial court abused its discretion by
“granting Debra Guillot Spousal Support as she had committed Family Violence.” 
Specifically, Stuart asserts that the trial court abused its discretion because: (1) a
police officer testified that Debra also committed family violence and (2) Debra
earned $53,000 a year and has a college education, while Stuart only has a ninth-grade education and a GED.
          A trial court may exercise its discretion to award court-ordered maintenance,
or “spousal support,” only if the requirements of the Texas Family Code are met. 
Chafino v. Chafino, 228 S.W.3d 467, 474 (Tex. App.—El Paso 2007, no pet.). The
trial court may award spousal maintenance if:
the spouse from whom maintenance is requested was convicted of or
received deferred adjudication for a criminal offense that also
constitutes an act of family violence under Title 4 [of the Texas Family
Code] and the offense occurred:
 
(A)within two years before the date on which a suit for
dissolution of the marriage is filed; or
 
(B)while the suit is pending . . . .

Tex. Fam. Code Ann. § 8.051(1) (Vernon 2006). Here, it is undisputed that Stuart
received deferred adjudication for assault with an affirmative finding of family
violence on July 20, 2004, which is within two years of the date that Debra filed for
divorce on July 22, 2005. Concerning Stuart’s contention that Debra also committed
family violence, we have already determined that the trial court implicitly found
Stuart’s testimony on this issue lacked credibility. Thus, we conclude that the trial
court did not abuse its discretion because Debra meets the statutory requirement for
court-ordered maintenance. See George, 238 S.W.2d at 474 (stating that under abuse
of discretion standard, appellate court must defer to factual and credibility
determinations made by trial court). 
          Stuart’s contention that Debra had a better education than he did is not a
relevant factor in determining whether to award maintenance. The Family Code lists
factors for the trial court to consider in determining the amount of maintenance. See
Tex. Fam. Code Ann. § 8.052 (Vernon 2006) (among the factors trial court to
consider in determining amount of maintenance is relative education and income of
spouses). However, Stuart’s fifth issue specifically states that the trial court erred “in
granting Debra Guillot Spousal Support.” Stuart does not make any argument
concerning the amount of the award and does not cite to section 8.052 or any relevant
case law. To the extent that Stuart is challenging the amount of the maintenance
awarded, we conclude that he has waived that issue. 
          We overrule Stuart’s fifth issue. 
Continuance
          In his sixth issue, Stuart contends that the trial court erred by “striking
appellant’s pleadings as he answered one week before trial and denying a
continuance.” 
          An appellant waives an issue by failing to present an adequate record to the
appellate court to demonstrate the trial court’s reversible error. See Nicholson v. Fifth
Third Bank, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.)
(citing Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990)); Aguero v.
Aguero, 225 S.W.3d 236, 238 (Tex. App.—El Paso 2006, no pet.). 
          Here, the record does not contain an order from the trial court that strikes
Stuart’s pleadings, a written motion for continuance by Stuart, or an order from the
trial court denying a written motion for continuance. We conclude that Stuart has not
presented this Court with a record adequate to demonstrate reversible error on this
point.
          Stuart’s counsel did make a “verbal motion for continuance” at the beginning
of the October 3 hearing. The trial court denied this motion. However, a verbal
motion does not comply with the Texas Rules of Civil Procedure and does not
preserve the denial of a continuance for review. Dempsey v. Dempsey, 227 S.W.3d
771, 776 (Tex. App.—El Paso 2006, no pet.) (citing Taherzadeh v. Ghaleh-Assadi,
108 S.W.3d 927, 928 (Tex. App.—Dallas 2003, pet. denied)). 
              We overrule Stuart’s sixth issue.
Findings of Fact and Conclusions of Law
          In his tenth issue, Stuart asserts that the trial court erred by failing to file
findings of fact and conclusions of law. Debra responds that Stuart did not preserve
this complaint because he did not file a rule 297 reminder after the trial court failed
to issue any findings of fact or conclusions of law.
          Rule 297 provides, 
If the court fails to file timely findings of fact and conclusions of law,
the party making the request shall, within thirty days after filing the
original request, file with the clerk and serve on all other parties . . . .
“Notice of Past Due Findings of Fact and Conclusions of Law” which
shall be immediately called to the attention of the court by the clerk.

Tex. R. Civ. P. 297. Failure to file the reminder required by rule 297 waives any
issue concerning the trial court’s failure to file findings of fact and conclusions of
law. Alpert v. Crain, Caton & James, P.C., 178 S.W.3d 398, 410 (Tex.
App.—Houston [1st Dist.] 2005, pet. denied) (citing Averyt v. Grande, Inc., 717
S.W.2d 891, 895 (Tex. 1986)). Here, the record does not contain a notice of past due
findings of fact and conclusions of law. Therefore, we conclude that Stuart has
waived this issue.
          We overrule Stuart’s tenth issue. 
Waiver of Appeal
          Stuart’s third, fourth, seventh, eighth, ninth, eleventh twelfth, thirteenth, and
fourteenth issues are waived due to inadequate briefing. Texas Rule of Appellate
Procedure 38.1(h) requires that an appellant’s brief “contain a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the
record.” Tex. R. App. P. 38.1(h). “Rule 38 requires [a party] to provide us with such
discussion of the facts and the authorities relied upon as may be requisite to maintain
the point at issue.” Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106
S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). “This is not
done by merely uttering brief conclusory statements, unsupported by legal citations.” 
Id. “Issues on appeal are waived if an appellant fails to support his contention by
citations to appropriate authority or cites only to a single non-controlling case.” 
Abdelnour v. Mid Nat’l Holdings, Inc., 190 S.W.3d 237, 241 (Tex. App.—Houston
[1st Dist.] 2006, no pet.); see Daniel v. Falcon Interest Realty Corp., 190 S.W.3d 177,
189 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Similarly, appellate issues are
waived when the brief fails to contain a clear argument for the contentions made. See
Brock v. Sutker, 215 S.W.3d 927, 929 (Tex. App.—Dallas 2007, no pet.) (holding
issue waived by brief that makes no attempt to analyze trial court’s order within
context of cited authority); see also Bradt v. West, 892 S.W.2d 56, 69 (Tex.
App.—Houston [1st Dist.] 1994, writ denied) (holding fact that brief contains
authorities on conspiracy is not alone sufficient to comprise “argument” necessary to
keep from waiving cause of action on appeal as both authorities and argument are
required). 
          Stuart’s briefing in support of his third, fourth, seventh, eighth, ninth, eleventh
twelfth, thirteenth, and fourteenth issues does not contain a “clear and concise
argument” as required by the Texas Rules of Appellate Procedure. See Tex. R. App.
P. 38.1(h). In these issues, Stuart, although he cites to some authority, does not
analyze the facts of the instant case in the context of the authorities or explain the
relevance of some of the authorities. We therefore hold that Stuart has waived his
right of appeal on these issues due to inadequate briefing. See Tex. R. App. P.
38.1(h); Abdelnour, 190 S.W.3d at 241; Brock, 215 S.W.3d at 929; Bradt, 892
S.W.2d at 69; see also Wheeler v. Methodist Hosp., 95 S.W.3d 628, 646 (Tex.
App.—Houston [1st Dist.] 2002, no pet.) (holding issues waived when not supported
with argument and authorities).
          We overrule Stuart’s third, fourth, seventh, eighth, ninth, eleventh, twelfth,
thirteenth, and fourteenth issues.Conclusion
          We affirm the judgment of the trial court.



                                                                        Elsa Alcala
                                                                        Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.