Opinion issued January 14, 2010




















In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00063-CV
____________

MATTHEW A. MATTHEWS, Appellant

V.

ELIZABETH MCCALL NORTHRUP, Appellee
 

 
 
On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2007-74804
 

 
 
MEMORANDUM OPINION
          Appellant, Matthew A. Matthews, challenges the trial court’s October 14, 2008
Final Order in Suit Affecting the Parent-Child Relationship, in which the trial court
ordered that Matthews pay child support to appellee, Elizabeth McCall Northrup. In
one issue, Matthews contends that the “trial court erred in including as income for the
purposes of child support funds of the KLM Family Limited Partnership Revocable
Management Trust.”
          We affirm.
Background
          Matthews filed his Original Petition in Suit Affecting the Parent-Child
Relationship seeking joint managing conservatorship of the minor child S.A.M. and
a determination of his child support obligation. The parties stipulated to all facts,
including income Matthews actually received as salary from his job,


 but disagreed
as to whether or not the trial court could consider “phantom” income in determining
the amount of child support. This “phantom” income was allocated to Matthews as
a limited partner in the KLM Family Partnership, Ltd. (the “Partnership”) for federal
income tax purposes, but it was not actually received by him.


 Matthews’s mother,
Leann Matthews (“Mother”), created the Partnership as a way to preserve family
assets. The Partnership named two limited partners whose initial contributions were
gifted by Mother: (1) Matthews, with a 48.33% partnership interest and (2) his sister,
Kaci Ann Matthews, with a 49.67% partnership interest. 
          Mother also created the KLM Family Partnership, Ltd. Revocable Management
Trust (the “Trust”), naming herself as Trustee and lifetime beneficiary and the limited
partners in the Partnership as beneficiaries at her death. She funded the Trust with
ten dollars and the General Partner Interest in the Partnership, i.e., the remaining 2%
interest. She named the Trust as the General Partner for the Partnership.
          Matthews’s 2005 and 2006 federal tax returns reflected that he was allocated
and paid taxes on income from the Partnership. However, neither the Trust nor the
Partnership had made any actual distributions of money to Matthews as of the date
of trial. 
          The trial court entered its Final Order in Suit Affecting the Parent-Child
Relationship, indicating that “no record of testimony was requested or made” for the
hearing. The trial court found that “the amount of net resources available to
[Matthews] per month from his employment is $4,433” and “the amount of net
resources available to [Matthews] from the KLM Revocable Management Trust is an
amount of at least $2,500.” The court ordered Matthews to pay child support in the
amount of 20% of $6,933 equaling $1,386.66 per month.


 
Waiver
          In his sole issue, Matthews argues that the trial court erred in including income
from the Trust in the net resources it used to calculate his child support obligation
because, under the Trust provisions, Mother is the lifetime beneficiary of the Trust
and Matthews “is not now and as long as the Mother is alive will not become a
beneficiary of the trust.” He also argues that because “the erroneous inclusion of
non-existent funds in the calculation of child support caused the award of support 
. . . to depart substantially from the guidelines,” the trial court abused its discretion
by not “making the findings required by the Texas Family Code.” See Tex. Fam.
Code Ann. § 154.130(a)(3) (Vernon Supp. 2009) (“. . . in rendering an order of child
support, the court shall make the findings required by Subsection (b) if . . . the
amount of child support ordered by the court varies from the amount computed by
applying the percentage guidelines . . .”). He further argues that if this Court
determines that the trial court made a mistake in identifying the entity from which the
“phantom” funds were allocated as the Trust instead of the Partnership, the trial court
abused its discretion in deeming “one hundred percent value on the [P]artnership
profits” because there is no evidence that his Partnership interest has any value while
Mother is alive. 
          The issue presented is whether the gift of an interest in the Partnership, which
has not and will not distribute any profits to its partners, including Matthews, until
after the death of the trustee-general partner or the year 2052, although the partners
must yearly report profits from the Partnership on their individual federal income tax
returns, is an “asset that [does] not currently produce income such that the trial court
could “assign a reasonable amount of deemed income” to the asset. The trial court
apparently found that Matthews had deemed income of $2,500 per month based on
the stipulations of income from his federal income tax returns. 
          We are unable to address Matthews’s issue because of an insufficient record
on appeal. The clerk’s record and the reporter’s record provided to this Court contain
no agreed statement of facts, testimony, or other evidence on the issue of the amount
of child support calculated by the trial court. Matthews admitted in his brief that the
stipulations and other exhibits offered by the parties at the July 28, 2008 hearing were
not handed to the court reporter. Neither Matthews’s 2005 and 2006 federal income
tax returns nor the tax returns for the Partnership showing the “value of the
[P]artnership profits” are in the record. On November 17, 2009, this Court ordered
the clerk to supplement the record with the briefing the parties provided to the trial
court, and referenced by Matthews in his appellate brief, on the issue of the
“phantom” income. This Court further ordered the court reporter to provide the
exhibits from the hearing. Neither party’s trial brief included in the supplemental
clerk’s record had as an attachment the stipulations mentioned by Matthews or his
2005 and 2006 federal income tax returns or those of the Partnership. The court
reporter confirmed that no exhibits were admitted at the hearing. 
          Matthews’s request for the reporter’s record indicates that he requested the
“entire trial record” and all exhibits for the “trial held October 14, 2008.” (emphasis
added). However, the court reporter provided the record for the July 28, 2008
hearing, but it contained only the argument of the parties. The trial court’s Final
Order in Suit Affecting the Parent-Child relationship issued on October 14, 2008
indicated that “no record of testimony was requested or made.” The Family Code
provides that “[a] record shall be made as in civil cases generally unless waived by
the parties with the consent of the court.” Tex. Fam. Code Ann. § 105.003(c)
(Vernon 2008). Although the trial court’s order does not say that Matthews “waived”
the making of a record at the October 14, 2008, “[a] party . . . may waive the making
of a record either by express written agreement or by failing to object to the lack of
a record during the hearing.” In re D.J.M., 114 S.W.3d 637, 639 (Tex. App.—Fort
Worth 2003, pet. denied). The record does not show that Matthews objected to the
the statement in the trial court’s October 14, 2008 order that “no record was requested
or made.” 
          Matthews did not supplement his pleadings in the trial court to include the
stipulations, which would have then been a part of the clerk’s record. It is true that
“[an appellate] court will accept as true the facts stated unless another party
contradicts them,” but “[t]he statement must be supported by record references.” 
Tex. R. App. P. 38.1(g). Here, while Matthews’s statement of the facts in his
appellant’s brief is uncontradicted by Northrup, who failed to file an appellee’s brief,
none of his record references shows that the trial court deemed “one hundred percent
value on the partnership profits” in calculating Matthews’s child support obligation. 
Matthews cites to the trial transcript, which includes only the argument of counsel,
the Trust and the Partnership documents, the parties’ trial briefs, and the affidavits
supporting those briefs, but these items are either not evidence or contain no evidence
of the amount of Matthews’s allocated income from the Partnership. Dunn v. Dunn,
177 S.W.3d 393, 397 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (stating
arguments of counsel are not evidence). Points of error dependent on the state of the
evidence cannot be reviewed absent a complete record. Dob’s Tire & Auto Ctr. v.
Safeway Ins. Agency, 923 S.W.2d 715, 720 (Tex. App.—Houston [1st Dist.] 1996,
writ dism’d w.o.j.). The burden is on the party appealing from a judgment to see that
a sufficient record is presented to show error requiring reversal. Nicholson v. Fifth
Third Bank, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.); see
Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam). If a party
does not meet his burden and raises a point of error on appeal that involves matters
omitted from the record, his actions prevent an appellate court from adequately
addressing the issue. Aguero v. Aguero, 225 S.W.3d 236, 237 (Tex. App.—El Paso
2006, no pet.). Because Matthews has not supplied this Court with a statement of
facts with which to review the trial court’s determination of deemed income from the
Partnership in calculating his child support obligation, we hold Matthews has waived
review of his issue.
          We overrule Matthews’s sole issue.
Conclusion
          We affirm the judgment of the trial court.
           
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Jennings, Higley, and Sharp.