In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00076-CV

                                                ______________________________

 

 

                                 ROBERT MYRON MOORE,
JR., AND

REBECCA ROSE MOORE,
Appellants

 

                                                                V.

 

                                           DON HAWKINS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                      Trial Court No. CV-09-39086

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Robert
M. Moore, Jr., and Rebecca Rose Moore appeal an order declaring the cancellation
of their notice of lis pendens for failure to comply with the requirements of
Section 12.007 of the Texas Property Code[1] and
awarding money damages to Don Hawkins.  Tex. Prop. Code Ann. § 12.007
(Vernon Supp. 2010).   

            Their
points of error on appeal complain that the trial court erred in failing to
hear arguments upon their “Objection to Plaintiff’s Amended Petition and
Petition to Remove Lis Pendens and Cloud on Title to Land” and “Counterclaim to
Plaintiff’s Amended Petition to Remove Lis Pendens and Cloud on Title to Land”[2]
at a July 30, 2009, hearing.  They also
complain that the trial court erred in allowing Hawkins “great latitude in the
scope of evidence and testimony presented while restricting,” their
cross-examination, and in interrupting the hearing to entertain an unrelated
divorce proceeding.  

            Appellate
courts must base their decisions on the record as made and brought forward, not
on a record that should have been made or that could have been made.  Mar.
Overseas Corp. v. Ellis, 971 S.W.2d 402, 411 (Tex. 1998).  Examination of any of the Moores’ points of
error require a transcript of the court’s hearing.  It was the Moores’ burden to properly
initiate the completion of a record sufficient to demonstrate reversible error.
 Aguero
v. Aguero, 225 S.W.3d 236, 237 (Tex. App.––El Paso 2006, no pet.); see Willie v. Donovan & Watkins, Inc.,
No. 01-03-00890-CV, 2005 WL 375328, at *2 (Tex. App.––Houston [1st Dist.]
Feb. 17, 2005, no pet.) (mem. op.).  This
Court has determined that no transcript of the reporter’s record was requested
by the Moores.  Because the Moores have
failed to request a transcript of the hearing and have raised points of error
on appeal involving matters omitted from the record before us, their actions
have prevented us from adequately addressing their dispute.  Aguero,
225 S.W.3d at 237.  “By so inhibiting an
appellate court, the appellant waives his complaint.”  Id.;
see also Southland Lloyd’s Ins. Co. v. Tomberlain,
919 S.W.2d 822, 832 n.6 (Tex. App.––Texarkana 1996, writ denied).[3]  

            Accordingly,
we affirm the trial court’s judgment. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          October
28, 2010

Date Decided:             October
29, 2010

 











[1]Specifically,
the notice of lis pendens was not supported by either a pending eminent domain
proceeding or an action involving title to real property.  Tex.
Prop. Code Ann. § 12.007.

 





[2]The
Moores also argued that the court erred in “first refus[ing] to allow [these
documents] to be filed and then allowing filing.”  





[3]Moreover,
“[a]n appellant has the burden to bring forth sufficient record and authority
to support reversible error.” Rosenblatt
v. City of Houston, 31 S.W.3d 399, 407 (Tex. App.––Corpus Christi 2000,
pet. denied).  A point of error not
supported by authority is waived.  Id. (citing Trenholm v. Ratcliff, 646 S.W.2d 927, 934 (Tex. 1983)).  The only cited authority in the Moores’ brief
is the Fourteenth Amendment to the United States Constitution.