

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00076-CV

_____


ROBERT MYRON MOORE, JR., AND
REBECCA ROSE MOORE, Appellants

V.

DON HAWKINS, Appellee


On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. CV-09-39086


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Robert M. Moore, Jr., and Rebecca Rose Moore appeal an order declaring the cancellation of their notice of lis pendens for failure to comply with the requirements of Section 12.007 of the Texas Property Code and awarding money damages to Don Hawkins. TEX. PROP. CODE ANN. § 12.007 (Vernon Supp. 2010). Hawkins' claim was based on his allegation that the notice of lis pendens was supported by neither a pending eminent domain proceeding, nor an action involving title to real property. TEX. PROP. CODE ANN. § 12.007.[1]

Their points of error on appeal complain that the trial court erred in failing to hear arguments upon their "Objection to Plaintiff's Amended Petition and Petition to Remove Lis Pendens and Cloud on Title to Land" and "Counterclaim to Plaintiff's Amended Petition to

---

[1]An opinion in this matter had been previously released in almost the same form as this, but withdrawn November 23, 2010, after receiving the Moores' motion for rehearing based on Rule 37.3(c) of the Texas Rules of Appellate Procedure requiring notice and reasonable opportunity to cure the failure to request or file the reporter's record necessary for the disposition of this appeal. TEX. R. APP. P. 37.3(c). On that date, we sent the official notice contemplated by Rule 37.3(c), notifying the Moores that "no request was ever made of a court reporter to prepare a record as required by TEX. R. APP. P. 34.6(b)(1), and thus appellants did not pay the reporter's fee or make satisfactory arrangement to pay as required by TEX. R. APP. P. 35.3(b)(3)." Our letter stated, "If a reporter's record is to be filed, appellants must pay for its preparation or make adequate arrangements for its purchase and preparation, and this Court must be informed that such has occurred within twenty days of the date of this letter. If such arrangements are not made, then the case will be immediately submitted to the Court and decided based on the briefing previously provided, without oral argument, . . . and based solely upon the clerk's record." The Moores were directed to respond on or before December 13, 2010.

Although it appears that the Moores made a preliminary inquiry of the clerk of the trial court as to the cost of the reporter's record, despite our explicit warning and directions, we have no indication of any attempt by them to contact the reporter to obtain the required record required by Rule 35.3(b)(3) of the Texas Rules of Appellate Procedure. Over forty-five days have now elapsed since the date of our Rule 37.3(c) notice and opportunity to cure letter without an indication of compliance. Because the Moores have not complied with our Rule 37.3(c) letter, the original opinion (with only slight revision) is being reissued.

2

Remove Lis Pendens and Cloud on Title to Land"[2] at a July 30, 2009, hearing. They also complain that the trial court erred in allowing Hawkins "great latitude in the scope of evidence and testimony presented while restricting," their cross-examination, and in interrupting the hearing to entertain an unrelated divorce proceeding.

Appellate courts must base their decisions on the record as made and brought forward, not on a record that should have been made or that could have been made. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 411 (Tex. 1998). Examination of any of the Moores' points of error require a transcript of the court's hearing. It was the Moores' burden to properly initiate the completion of a record sufficient to demonstrate reversible error. *Aguero v. Aguero*, 225 S.W.3d 236, 237 (Tex. App.—El Paso 2006, no pet.); *see Willie v. Donovan & Watkins, Inc.*, No. 01-03-00890-CV, 2005 WL 375328, at *2 (Tex. App.—Houston [1st Dist.] Feb. 17, 2005, no pet.) (mem. op.). This Court has determined that no transcript of the reporter's record was requested by the Moores. Because the Moores have failed to request a transcript of the hearing and have raised points of error on appeal involving matters omitted from the record before us, their actions have prevented us from adequately addressing their dispute. *Aguero*, 225 S.W.3d at 237. "By so inhibiting an appellate court, the appellant waives his complaint." *Id.*; *see also Southland*

---

[2] The Moores also argued that the court erred in "first refus[ing] to allow [these documents] to be filed and then allowing filing."

*Lloyd's Ins. Co. v. Tomberlain*, 919 S.W.2d 822, 832 n.6 (Tex. App.—Texarkana 1996, writ denied).[3]

      Accordingly, we affirm the trial court's judgment.


                    Bailey C. Moseley
                    Justice

Date Submitted:      January 6, 2011
Date Decided:       January 7, 2011

---

[3]Moreover, "[a]n appellant has the burden to bring forth sufficient record and authority to support reversible error." *Rosenblatt v. City of Houston*, 31 S.W.3d 399, 407 (Tex. App.—Corpus Christi 2000, pet. denied). A point of error not supported by authority is waived. *Id.* (citing *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex. 1983)). The only cited authority in the Moores' brief is the Fourteenth Amendment to the United States Constitution.