

# NUMBER 13-13-00524-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

---

**$2,848.69 U.S. CURRENCY,
77 GAMBLING DEVICES, ASSORTED
GAMBLING EQUIPMENT
PARAPHERNALIA, AND PROCEEDS,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                            **Appellee.**

---

### On appeal from the 445th District Court
### of Cameron County, Texas

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez, and Justices Benavides and Perkes
### Memorandum Opinion by Justice Perkes

This is a civil-forfeiture case. Appellant Patricio Marco Ahumada Jr. appeals the

trial court's judgment in favor of the State. *See* TEX. CODE CRIM. PROC. ANN. art. 18.18(b)

(West, Westlaw through 2015 R.S.). By three issues, appellant argues: (1) the State did

not provide notice that appellant would not be prosecuted, as mandated by article 18.18(b); (2) the trial court improperly struck all of appellant's testimony because he invoked his Fifth Amendment right not to incriminate himself; and (3) the trial court's actions prevented appellant from properly defending himself. We affirm.

## I. FACTUAL & PROCEDURAL BACKGROUND

Pursuant to a search warrant, the Brownsville Police Department seized computers and networking equipment, cash, and other miscellaneous property located in an establishment named the "Gold Mine 777." The State filed an original petition for forfeiture, alleging the property constituted gambling devices, and assorted gambling equipment, paraphernalia, and proceeds. The State's petition further alleged that appellant was a party with an interest in the seized property.

Appellant filed an answer generally denying the State's allegations and asserting affirmative defenses and special exceptions. After a bench trial, the trial court granted forfeiture. This appeal followed.

The clerk's record was filed in this case, but the reporter's record was not filed. The reporter's record was due on November 8, 2013; however, the court reporter has informed this Court that appellant failed to request the reporter's record and make arrangements for payment of the reporter's record. The Clerk of this Court informed appellant's counsel that appellant had ten days to request and arrange payment for the reporter's record. That deadline passed and no reporter's record was filed. *See* TEX. R. APP. P. 37.3(c).

## II. ABSENCE OF REPORTERS RECORD

Appellate courts must base their decisions on the record as made and brought forward, not on a record that should have been made or that could have been made. *Mar.*

2

*Overseas Corp. v. Ellis*, 971 S.W.2d 402, 411 (Tex. 1998). Moreover, "[a]n appellant has the burden to bring forth sufficient record and authority to support reversible error." *Rosenblatt v. City of Houston*, 31 S.W.3d 399, 407 (Tex. App.—Corpus Christi 2000, pet. denied). A point of error not supported by authority is waived. *Id.* (citing *Trenholm v. Ratcliff*, 646 S.W.2d 927, 934 (Tex.1983)).

Examination of appellant's issues on appeal require a transcript of the court's hearing. It was appellant's burden to properly initiate the completion of a record sufficient to demonstrate reversible error. *Aguero v. Aguero*, 225 S.W.3d 236, 237 (Tex. App.—El Paso 2006, no pet.); *see Willie v. Donovan & Watkins, Inc.*, No. 01–03–00890–CV, 2005 WL 375328, at *2 (Tex. App.—Houston [1st Dist.] Feb. 17, 2005, no pet.) (mem. op.). This Court has determined that no transcript of the reporter's record was requested by appellant. Because appellant has failed to request a transcript of the hearing and has raised points of error on appeal involving matters omitted from the record before us, his actions have prevented us from adequately addressing his dispute. *Aguero*, 225 S.W.3d at 237. "By so inhibiting an appellate court, the appellant waives his complaint." *Id.*; *see also Southland Lloyd's Ins. Co. v. Tomberlain*, 919 S.W.2d 822, 832 n. 6 (Tex. App.— Texarkana 1996, writ denied). Accordingly, appellant's first, second, and third issues are overruled.

## IV. Conclusion

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Delivered and filed the
25th day of June, 2015.

3