

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00007-CV

_____

LEAH S. WASHINGTON, Appellant

V.

MICHAEL BLOW, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 14-0413A

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

At the time of his intestate death, Marvin Washington, Sr., owned several tracts of real property in Harrison County, Texas. After his death, however, more than $30,000.00 in unpaid ad valorem taxes had accrued on the property. Michael Blow, a descendant of one of Marvin's siblings, apparently believing himself to be part owner of the property, paid more than $26,000.00 toward the unpaid tax bill and executed a contract with the Harrison Central Appraisal District (the District) to pay the rest. Blow later discovered that Leah S. Washington claimed to be Marvin's granddaughter and, thus, the sole owner of the property. Blow, therefore, demanded that Washington reimburse him for the tax money he had paid and had promised to pay. After Washington refused to pay Blow, he sued her seeking either a sale of the property under Chapter 29 of the Texas Property Code or a money judgment for unjust enrichment. *See* TEX. PROP. CODE ANN. § 29.001–.004 (West 2014). After a bench trial, the trial court awarded Blow a judgment against Washington in the amount of $35,926.61.

On appeal, Leah argues that the evidence is factually insufficient to support the judgment and that the law disqualifies Blow from reimbursement. Leah posits that, because Blow is not an owner of the property and paid the taxes without Washington's knowledge or agreement, Blow is not eligible for reimbursement.

As appellant, Leah had the burden to properly request and arrange payment for the completion of a record sufficient to demonstrate reversible error. *See* TEX. R. APP. P. 35.3(b)(3);

2

*Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Aguero v. Aguero*, 225 S.W.3d 236, 237 (Tex. App.—El Paso 2006, no pet.).  This she failed to do.[1]

Lacking a reporter's record and findings of fact, we assume that evidence before the trial court supported its judgment.  *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *see* TEX. R. APP. P. 37.3(c).  Washington's arguments on appeal are evidence-dependent; without a reporter's record, we cannot adequately review them.  *See Aguero*, 225 S.W.3d at 237; *Southland Lloyd's Ins. Co. v. Tomberlain*, 919 S.W.2d 822, 832 n.6 (Tex. App.—Texarkana 1996, writ denied).

Accordingly, we overrule these points of error and affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 4, 2016
Date Decided:     August 12, 2016

---

[1]Washington has not asserted that she is indigent and cannot afford to pay for the reporter's record.  *See* TEX. R. APP. P. 20.2, 37.3(c)(2)(B).

3