**Affirmed and Memorandum Majority and Memorandum Concurring Opinions filed May 7, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00751-CV

---

## IN THE INTEREST OF C.M., A CHILD

---

**On Appeal from the 312th District Court
Harris County, Texas
Trial Court Cause No. 1999-37893**

---

## MEMORANDUM MAJORITY OPINION

This is an appeal from income withholding orders for child support arrearages and attorney's fees. Father contends that (1) "the trial court abused its discretion in the underlying order because the underlying relief has previously been litigated by the parties ending in a final judgment denying much of the requested relief in a binding arbitration proceeding;" and (2) "the trial court abused its discretion when [it] entered an order that identifies the payments as child support and authorizing wage withholding and a child support arrearage finding." We affirm.

## BACKGROUND

Our recitation of the background of the case is constrained by the appellate record presented to us. We draw the following from the limited record.

Father and Mother divorced, and the trial court signed a Final Decree of Divorce in September 1999. Father and Mother went to arbitration, and a final arbitration award was issued in May 2012. In September 2012, the trial court signed an Order Modifying Final Decree Of Divorce Dated September 24, 1999 Incorporating Final Arbitration Decision And Award.

In May 2015, Mother filed a First Amended Motion To Enforce Additional Child Support Order By Contempt. She alleged that Father failed to make payments for their child C.M.'s health care expenses (payments for health insurance and 50% of uninsured health care expenses) as additional child support as required by the 1999 Final Decree of Divorce and the 2012 Order Modifying Final Decree Of Divorce Dated September 24, 1999 Incorporating Final Arbitration Decision And Award. She alleged Father committed 181 separate violations of the 1999 Final Decree of Divorce and the 2012 Order Modifying Final Decree Of Divorce Dated September 24, 1999 Incorporating Final Arbitration Decision And Award when he failed to pay for C.M.'s health care expenses from 2005 to 2014. Mother stated: "[Father]'s total arrearage as of May 19, 2014 is $30,296.00, which includes cash medical support, uninsured health care expenses and interest. [Mother] requests confirmation of all arrearages and rendition of judgment plus interest on arrearages, as well as attorney's fees, and costs incurred in this case. [Mother] requests the Court to order income withheld for the arrearages, attorney's fees, costs, and interest."

2

In August 2015, Mother filed a Motion To Confirm Additional Child Support Arrearage. She essentially made the same allegations and requests contained in her First Amended Motion To Enforce Additional Child Support Order By Contempt. A hearing was held on March 1, 2017, but there is no reporter's record of the hearing. The parties do not dispute that "the case was tried by stipulation."

On June 22, 2017, the trial court signed an Order On First Amended Motion To Enforce Additional Child Support Orders By Contempt For Failure To Pay Cash Medical Support And Reimbursement Of Uninsured Medical Expenses Granting Judgment For Arrearages (hereinafter, the "Order To Enforce Additional Child Support"). The order provides, in pertinent part, as follows:

### 6. FINDINGS

The Court finds that [Father] was ordered to make periodic payments of cash medical support and reimbursement of uninsured medical expenses, in an order entitled Final Decree of Divorce entered by this Court on September 24, 1999, and in an order entitled Order Modifying Final Decree of Divorce dated September 24, 1999 incorporated [sic] Final Arbitration Decision and Award entered by this Court on September 21, 2012, that . . . states in relevant part as follows:

. . . *'Health Insurance'*

*IT IS ORDERED that medical support shall be provided for the child as follows:*

*1. [FATHER]'s RESPONSIBILITY — . . . [FATHER] shall, at all times, provide medical support the for the child. IT IS THEREFORE ORDERED that, as additional child support, [FATHER] shall provide medical support for the parties' child, for as long as child support is payable under the terms of this decree, as set out herein.*

\*          \*          \*

*3. INSURANCE THROUGH [MOTHER]'s EMPLOYMENT . . . — . . . [FATHER] is ORDERED to pay to [MOTHER] . . . the cost of insuring the child on [Mother]'s health insurance plan, beginning on the first day of the month . . . . Currently medical*

3

*reimbursement is $142.00 per month and [FATHER] is ORDERED to pay [MOTHER] $142.00 per month, as additional child support, on the first day of every month beginning on October 1, 1999, and continuing as long as child support is payable under the terms of this Decree.*

*         *         *

*11.    PAYMENT OF UNINSURED EXPENSES — IT IS ORDERED that the party who pays for a health-care expense on behalf of the child shall submit to the other party, within ten days of receiving them, all forms, receipts, bills, and explanations of benefits paid reflecting the uninsured portion of the healthcare expenses the paying party incurs on behalf of the child.  IT IS FURTHER ORDERED as additional child support that, within ten days after the nonpaying party receives the explanation of benefits stating benefits paid, that party shall pay his or her share of the uninsured portion of the health-care expenses . . . .*

*         *         *

The Court further finds that [Father] was ordered to reimburse [Mother] for <u>fifty (50) percent of uninsured medical expenses incurred</u> for the benefit of the child, [C.M.], in an order entitled Order Modifying Final Decree of Divorce dated September 24, 1999 incorporated Final Arbitration Decision and Award approved by this <u>Court on September 21, 2012</u>, that . . . states in relevant part as follows:

*. . . 'Therefore, it is ORDERED BY THE COURT that the Final Arbitration Decision and Award by Shelly A. Merchant, dated May 2, 2012, copy attached as Exhibit 'A' and incorporated herein, becomes the Order of the Court and is given the full force of an Order of the Court, Modifying the Final Decree of Divorce dated September 24, 1999, and IT IS FURTHER ORDERED THAT:*

*3.    [MOTHER] shall continue to cover the health insurance on the child and each party shall pay 50% of the uninsured medical.'*

## 7.    <u>CONTEMPT FINDINGS AND FINDINGS ON ARREARAGES</u>

<u>Cash Medical Support</u>

4

The Court finds that the parties STIPULATED that [FATHER] did not pay the sum of $21,647.71 being reimbursement to [MOTHER] for health insurance premiums, plus interest of $7,702.49 as of September 9, 2016, as set out in Exhibit 'C' . . . attached hereto and incorporated herein by reference . . . and

THEREFORE based on the stipulation of the parties, the Court accepted such stipulation as evidence in this case and entered the following ruling:

The Court affirms and ORDERS that [FATHER] is in contempt on all violations plead for by [MOTHER], save and except for violations 78 through 100, which the Court DENIES are violations per the underlying order.

The Court finds that [FATHER] has failed and refused to pay cash medical support as ordered to [MOTHER] directly . . . in the amounts and dates shown below:

[listing violations 1 through 77].

The Court finds that the total cash medical support which [FATHER] has failed and refused to pay is $15,717.37, plus unconfirmed interest of $7,702.49 from the date such expense was incurred through September 9, 2016.

Reimbursement of Uninsured Medical

The Court finds that the parties STIPULATED that [FATHER] did not pay the sum of $5,067.89 being reimbursement to [MOTHER] for health insurance premiums, plus interest of $1,476.55 as of September 9, 2016, as set out in Exhibit 'D' . . . attached hereto and incorporated herein by reference . . . and

THEREFORE based on the stipulation of the parties, the Court accepted such stipulation as evidence in this case and entered the following ruling:

The Court affirms and ORDERS that [FATHER] is in contempt on all violations plead for by [MOTHER] are violations per the underlying order.

The Court further finds that [FATHER] has failed and refused to reimburse [MOTHER] directly to [MOTHER] . . . fifty (50) percent of uninsured medical expenses incurred for the benefit of the child, [C.M.] in the amounts and on the dates shown below:

5

[listing violations 101 to 181].

The Court finds that the total reimbursement of uninsured medical expenses which [FATHER] has failed and refused to pay is $5,067.89.

\*        \*        \*

The Court finds and confirms that the balance owed by [FATHER] to [MOTHER] for the benefit of [C.M.] cash medical support as additional child support is $15,717.37, and that interest has accrued on those previously unconfirmed arrearages as of March 1, 2017, in the amount of $7,027.82.

The Court finds and confirms that the balance owed by [FATHER] to [MOTHER] for the benefit of [C.M.] reimbursement of uninsured medical expenses incurred for the benefit of the child, [C.M.], is $5,067.89, and that interest has accrued as of March 1, 2017, on those uninsured medical arrearages in the amount of $1,476.65.

THEREFORE IT IS ORDERED that Judgment should be awarded against [FATHER] in the TOTAL amount of $29,289.73 for the arrearages and interest, for unpaid cash medical support and unpaid reimbursement of uninsured medical expenses as additional child support.

\*        \*        \*

Attorney's Fees

The Court finds that the parties STIPULATED that [MOTHER]'s reasonable and necessary attorney fees plus cost in bringing this motion to confirm additional child support arrearage in the amount of $13,213.66 as of September 12, 2016, as set out in Exhibit 'F' . . . attached hereto and incorporated herein by reference . . . and

THEREFORE based on the stipulation of the parties, the Court accepted such stipulation as evidence in this case and entered the following ruling:

The Court affirms and ORDERS that [FATHER] pay attorney's fees and costs of $11,464.17 for attorney's fees and costs incurred in this case.

The Court further finds that attorney's fees should be withheld from [FATHER]'s earnings under a separate order for income

6

withholding.

*         *         *

**9.    JUDGMENT   FOR   CASH   MEDICAL   AND REIMBURSEMENT OF UNINSURED MEDICAL**

IT IS ORDERED that [MOTHER] is granted a cumulative judgment for cash medical support and reimbursement of uninsured medical expenses, including accrued interest, against [FATHER] for the sum of TWENTY NINE THOUSAND TWO HUNDRED EIGHTY-NINE AND 73/100's DOLLARS ($29,289.73) . . . .

IT IS ORDERED that [FATHER] is obligated to pay and IS ORDERED to pay to [MOTHER] this judgment on the cash medical support and reimbursement of uninsured medical expenses at the rate of ONE THOUSAND TWO HUNDRED TWENTY 41/100's DOLLARS ($1,220.41) per month . . . until twenty-four (24) months of full and complete payments have been withheld to satisfy the cumulative judgment awarded herein. . . .

**10.    JUDGMENT FOR ATTORNEY'S FEES AS COSTS**

IT IS ORDERED that [MOTHER'S ATTORNEY] is AWARDED a judgment for attorney's fees as cost, against [FATHER] of ELEVEN THOUSAND FOUR HUNDRED SIXTY FOUR AND 17/100's DOLLARS ($11,464.17) . . . .

IT IS ORDERED that [FATHER] is obligated to pay and is ORDERED to pay to [MOTHER'S ATTORNEY] this judgment on the attorney's fees as costs the sum of SIX HUNDRED NINETY-SEVEN AND 25/100 ($697.25) per month . . . until the full and complete judgment has been paid included interest as accumulated.

**11.    ORDER FOR WITHHOLDING AND CREDIT FOR AMOUNTS WITHHELD**

IT IS ORDERED that all arrearages enumerated above shall be payable through a withholding from earnings for additional child support.

IT IS ORDERED that all attorney's fees and costs awarded in this order shall be payable through a separate withholding from earnings for costs and fees.

Exhibits C, D, and F, which were attached to the trial court's Order To Enforce

7

Additional Child Support, show that the parties stipulated to the reimbursement amount for health insurance premiums and uninsured medical expenses Father failed to pay Mother as reflected in the trial court's order.

On June 26, 2017, the trial court signed income withholding orders for child support arrearages and for attorney's fees and cost. Father filed a timely appeal from the income withholding orders.

## ANALYSIS

Father challenges the trial court's income withholding orders in two issues, arguing that the trial court (1) "abused its discretion in the underlying order because the underlying relief has previously been litigated by the parties ending in a final judgment denying much of the requested relief in a binding arbitration proceeding;" and (2) "abused its discretion when [it] entered an order that identifies the payments as child support and authorizing wage withholding and an child support arrearage finding."

We review issues regarding the payment of child support, confirmation of child support arrearages, and awards of attorney's fees under an abuse of discretion standard. *In re R.R.*, No. 02-15-00032-CV, 2017 WL 632897, at \*3 (Tex. App.—Fort Worth Feb. 16, 2017, pet. denied) (mem. op.) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)); *see also Kendall v. Kendall*, 340 S.W.3d 483, 507 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Bennett v. Grant*, 525 S.W.3d 642, 654 (Tex. 2017).

Father contends in his first issue that the parties submitted "all issues" to "binding arbitration which resulted in a binding decision in 2012." Father claims "that decision controls the ruling in the trial court below and therefore that Court

8

acted beyond its authority and contrary to binding principles of law because it acted in contravention to the prior arbitration ruling." He contends the trial court's Order To Enforce Additional Child Support and the trial court's "attendant wage withholding orders are in direct contravention to the prior binding final arbitration award and as such they should be set aside."

We note that the record before us does not contain the arbitration award, nor does Father cite to anything in the record to support his contention that the trial court's orders conflict with the arbitration award so that "they should be set aside." The burden is on the complaining party to present a sufficient record to the appellate court to show error requiring reversal. *Aguero v. Aguero*, 225 S.W.3d 236, 238 (Tex. App.—El Paso 2006, no pet.) ("Because Smith has not presented a record sufficient to show that the trial court ordered contempt without due process in its employer's order to withhold earnings, he has waived this complaint.").

From the record before us, specifically the language quoted in the trial court's Order To Enforce Additional Child Support, it is evident that the trial court merely enforced (1) the 1999 Final Decree of Divorce and (2) the 2012 Order Modifying Final Decree Of Divorce Dated September 24, 1999 Incorporating Final Arbitration Decision And Award. Further, the income withholding orders conform with the Order To Enforce Additional Child Support. Therefore, we overrule Father's first issue.

Father argues in his second issue that the trial court abused its discretion by entering "an order that characterized medical bills and health insurance cost as child support and awarded a child support arrearage judgment against" him. Father claims "[t]here is no basis for the court's determination of the amount [of] arrearage and the characterization that the arrearages as past due child support and subject to a wage withholding order." In that regard, Father states: "The authority of this trial court

only flows through the Arbitration Agreement of the parents. . . . In this instance the arbitrator fails to characterize the additional payments as anything but medical bills. In fact she failed to characterize them as anything other than that debt owed by each parent. There is no order language, no command language, and no characterization."

Again, we note that the record does not contain the arbitration award. However, the record does contain the Order To Enforce Additional Child Support, which specifically awards Mother as "additional child support" reimbursement for "cash medical support" (*i.e.*, health insurance premiums) paid by her for C.M. and reimbursement for "uninsured medical expenses" paid by her for C.M. As prominently stated in that order, these awards were based on the 1999 Final Decree of Divorce and the 2012 Order Modifying Final Decree Of Divorce Dated September 24, 1999 Incorporating Final Arbitration Decision And Award, which characterized medical support and uninsured medical expenses as "additional child support" to be paid by Father. Father does not dispute that the trial court's Order To Enforce Additional Child Support correctly quotes and properly relies on the language in the 1999 Final Decree of Divorce and the 2012 Order Modifying Final Decree Of Divorce Dated September 24, 1999 Incorporating Final Arbitration Decision And Award. Thus, contrary to Father's contention, there is a basis for the trial court's "characterization [of] arrearages as past due child support."

Further, we reject Father's assertion that "[t]here is no basis for the court's determination of the amount [of] the arrearage." The trial court's Order To Enforce Additional Child Support specifically states that the amount for arrearages is based on the parties' stipulations in Exhibits C, D, and F. Exhibits C, D, and F are attached to the trial court's order and show that the parties stipulated to the reimbursement amount for health insurance premiums and uninsured medical expenses Father failed to pay Mother as reflected in the trial court's order. Therefore, there is a basis for

10

"the court's determination of the amount [of] the arrearage."

Father also makes the following statement in his brief: "To make a bad situation somewhat worse the Court then orders that the requested attorney fees also be characterized and awarded as additional child support." To the extent Father is arguing that the trial court awarded attorney's fees as additional child support, his assertion is not supported by the record.

The Order To Enforce Additional Child Support clearly awards attorney's fees not as child support but as costs, stating that "IT IS ORDERED that [Mother's attorney] is AWARDED a judgment for attorney's fees as cost." In addition, the income withholding order states: "Withholding from Earnings for Attorney's Fees and Costs." There is no mention in the record of attorney's fees being awarded as child support. Furthermore, "[i]n addition to an order for income to be withheld for child support, including child support and child support arrearages, the court may render an order that income be withheld from the disposable earnings of the obligor to be applied towards the satisfaction of any ordered attorney's fees and costs resulting from an action to enforce child support." Tex. Fam. Code Ann. § 158.0051(a) (Vernon 2014).

Accordingly, we conclude the trial court acted within its discretion, and we overrule Father's second issue.

CONCLUSION

We affirm the trial court's orders.

11

/s/    Meagan Hassan
Justice


Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan (Frost, C.J., concurring).